## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | § | |
| **BakerRipley,** | § | |
| | § | |
| *Plaintiffs/Relator*, | § | |
| | § | |
| **v.** | § | **Case No. 23-cv-1124** |
| | § | |
| **Kids U US, Inc. d/b/a Fueling Brains;** | § | |
| **Cimberli Johnson Darrough;** | § | |
| **Antonio Corrales;** | § | |
| **Sterling Evaluation and Assessment, LLC;** | § | |
| **Michelle Peters; and** | § | |
| **MNA Evaluation and Assessment, LLC** | § | |
| | § | |
| *Defendants*. | | |

## DEFENDANTS MICHELLE PETERS AND MNA EVALUATION AND ASSESSMENT, LLC'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................... i

INDEX OF AUTHORITIES ............................................................................ iii

NATURE AND STAGE OF PROCEEDING ..................................................... 1

SUMMARY OF THE ARGUMENT ................................................................. 1

STATEMENT OF RELEVANT FACTS ............................................................ 2

STANDARDS OF REVIEW ............................................................................ 5

I.    Federal Rule of Civil Procedure 9(b) ................................................... 5

II.   Federal Rules of Civil Procedure 8(a)(2) & 12(b)(6) ............................ 6

ARGUMENT ................................................................................................. 7

I.    Plaintiff/Relator's First (The Submission of, or Causing of the Submission
      of, False Claims) and Second (Use of False Statements) Claims for Relief
      Should be Dismissed .......................................................................... 7

      A.   Plaintiff/Relator's First and Second Claims Fail to Meet
           Rule 9(b)'s Heightened Standard ................................................. 7

      B.   Plaintiff/Relator's First and Second Claims Fail to State a
           Claim under 12(b)(6) ................................................................ 10

      C.   Defendants are not subject to the Theory of Implied False
           Certification ............................................................................ 11

II.   Plaintiff/Relator's Third (Reverse False Claims) Claim for Relief Should
      be Dismissed ...................................................................................... 11

III.  Plaintiff/Relator's Fourth (Conspiracy to Violate the FCA) Claim for
      Relief Should be Dismissed ................................................................ 13

IV.   Plaintiff/Relator's First, Second and Fourth Claims are barred by
      the Public Disclosure Bar ................................................................... 14

V.   Plaintiff/Relator's Fifth (Unjust Enrichment), Sixth (Payment by Mistake) and Twelfth (Money Had and Received) Claims for Relief Should Be Dismissed ................................................................................................16

VI.  Plaintiff/Relator's Seventh (Breach of Contract and Covenant of Good Faith and Fair Dealing) Claim for Relief Should be Dismissed .........................17

VII. Plaintiff/Relator's Eighth (Fraud) and Ninth (Fraud by Nondisclosure) Claims for Relief Should be Dismissed ...............................................................19

VIII. Plaintiff/Relator's Tenth (Violation of TTLA) Claim for Relief Should be Dismissed ............................................................................................20

IX.  Plaintiff/Relator's Eleventh (Civil Conspiracy) Claim for Relief Should be Dismissed ...................................................................................................22

CONCLUSION AND PRAYER ...................................................................................23

# TABLE OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398
 (5th Cir.2007) ...................................................................................22

*Amazon Tours v. Quest Global Angling Adventures*, 3:03cv2551–M,
 2004 WL 1788078, 2004 U.S. Dist. LEXIS 12382 at *10–11
 (N.D.Tex. June 30, 2004) ..................................................................22

*Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987) ........... 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................. 6, 18

*Askanase v. Fatjo*, 148 F.R.D. 570 (S.D. Tex. 1993) ......................................... 6, 18

*Beardmore v. Jacobsen*, 131 F. Supp. 3d 656 (S.D. Tex. 2015) ............................21

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................6

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719 (5th Cir. 2003)............5

*Blusal Meats Inc. v. United States*, 638 F.Supp. 824 (S.D.N.Y.1986)....................13

*BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485
 (Tex. App.—San Antonio 2013) .........................................................19

*City of Midland v. O'Bryant*, 18 S.W.3d 209 (Tex. 2000).......................................18

*Ehrhardt v. State*, 334 S.W.3d 849 (Tex. App.—Texarkana 2011) ........................21

*Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447 (5th Cir.1995)................14

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
 565 F.3d 200 (5th Cir. 2009) ....................................................... 6, 7, 8

*Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671 (Tex. 2000) ............................16

*Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720
 (Tex. App.—El Paso 2011) ........................................................... 18, 23

*Graham Cnty. Soil & Water Conservation Dist. v. United States*,
 559 U.S. 280 (2010) ..................................................................... 14, 15

*Green v. AmerisourceBergen Corp.*, No. 4:15-CV-379,
 2017 WL 1209909 (S.D. Tex. Mar. 31, 2017) ....................................15

*Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285 (S.D. Tex. 2001)..............20

*Holcomb v. State*, 445 S.W3d 767 (Tex. App.—Houston [1st Dist.] 2014) ..........21

*Homoki v. Conversion Servs., Inc.*, 717 F.3d 388 (5th Cir. 2013) .........................22

*Hopper v. Solvay Pharms.*, 588 F.3d 1318 (11th Cir. 2009) ....................................5

*Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*,
 324 S.W.3d 840 (Tex. App.—Houston [14th Dist.] 2010) .......................... 19, 20

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
 388 F. Supp. 2d 780 (S.D. Tex. 2005)...................................................20

*Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634 (5th Cir.2007) ..........................22

*Medtronic*, 747 F. Supp. .........................................................................6

*Montano-Valdez v. Wells Fargo Bank*, No. CIV.A., H-13-3078,
 2014 WL 69886 (S.D. Tex. Jan. 8, 2014) .........................................3, 4

*Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex. 1994) ........................................18

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401 (2011) ......................15

*Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997)....................19

*Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018) ....................................6

*Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380 (5th Cir. 2007) .........................17

*Stewart Title Guar. Co. v. Mims*, 405 S.W.3d 319
 (Tex. App.—Dallas 2013, no pet.) ..................................................16

*Tilton v. Marshall*, 925 S.W.2d 672 (Tex.1996)....................................................22

*U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745
 (S.D. Tex. 2010) ..................................................................... 5, 6, 9

*U.S. ex rel. Campbell v. KIC Development, LLC*,
No. EP-18-CV-193-KC, 2019 WL 6884485 (W.D. Tex. Dec. 10, 2019)...........16

*U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333 (5th Cir. 2008)...................13

*U.S. ex rel. Ligai v. ETS-Lindgren Inc.*, No. CIV.A. H-112973,
2014 WL 4649885 (S.D. Tex. Sept. 16, 2014)............................................... 12, 13

*U.S. ex rel. Sonnier v. Standard Fire Ins. Co.*, 84 F. Supp. 3d 575
(S.D. Tex. 2015) ........................................................................................ 14, 15

*U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505 (E.D. Pa. 2010).............12

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
125 F.3d 899 (5th Cir. 1997) ..................................................................... 5, 9, 20

*United States ex rel. Graves v. ITT Educational Svcs., Inc.*,
284 F.Supp.2d 487 (S.D. Tex. 2003).............................................................. 9, 13

*United States ex rel. Longhi v. Lithium Power Techs., Inc.*,
575 F.3d 458 (5th Cir.2009) .................................................................................5

*United States ex rel. Ramsey-Ledesma v. Censeo Health, L.L.C.*, 2016 WL
5661644 (N.D. Tex. Sept. 30, 2016) .....................................................................12

*United States ex rel. Steury v. Cardinal Health, Inc.*,
625 F.3d 262 (5th Cir. 2010) ........................................................................ 9, 17

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v.
Provident Life & Accident Ins. Co.*, 721 F.Supp. 1247 (S.D.Fla.1989)...............13

*United States ex rel King v. Solvay Pharms., Inc.*,
871 F.3d 318 (5th Cir. 2017) ...............................................................................15

*United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255 (5th Cir. 2014).................7

*United States v. Cath. Health Initiatives*, No. 4:18-CV-123,
2022 WL 2657131 (S.D. Tex. Mar. 31, 2022) .....................................................12

*United States v. Cockerell Dermatopathology, P.A.*,
No. 3:21-CV-0672-B, 2021 WL 4894173 (N.D. Tex. Oct. 20, 2021).................12

*Universal Health Servs., Inc. v. United States*, 579 U.S. 176,
136 S. Ct. 1989, 195 L. Ed. 2d 348 (2016) .........................................................11

*Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523 (S.D. Tex. 2011)...............21

*Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450 (5th Cir. 2005) .................6

**Statutes and Rules**

31 U.S.C. § 3729 .................................................................. 2, 5, 11, 12, 13

31 U.S.C. § 3730 ...........................................................................15

42 U.S.C. § 9837 ...........................................................................10

Tex. Civ. Prac. & Rem. Code § 134.002(3).............................................21

31 U.S.C. § 3729(a)(1)(A) ........................................................... 13, 15

Federal Rule of Civil Procedure 9(b)5............................................... passim

Federal Rules of Civil Procedure 8 and 12 ........................................... 6, 17, 18, 23

Federal Rules of Civil Procedure Rule 12(b)(6)......................................... 6, 11, 22

## NATURE AND STAGE OF PROCEEDING

1.      Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendants, Michelle Peters ("Peters") and MNA Evaluation & Assessment, LLC ("MNA") (collectively, "Peters/MNA" or "Defendants"), file this motion asking the Court to dismiss the claims of Plaintiff/Relator, BakerRipley ("Plaintiff/Relator"), against Peters/MNA in Plaintiff/Relator's Second Amended Complaint ("SAC").

2.      Plaintiff/Relator filed this qui tam action under seal on March 27, 2023. Dkt. 1. The federal government declined to intervene, and the case was unsealed on November 6, 2023. Dkt. 10. Plaintiff/Relator filed its First Amended Complaint on October 24, 2023. Dkt. 8. Plaintiff/Relator filed its Second Amended Complaint on February 2, 2024. Dkt. 22.

3.      In its Second Amended Complaint, Plaintiff/Relator brings False Claims Act ("FCA") claims under Sections 3729(a)(1)(A) ("False Claims Provision") and (B) ("False Statement Provision"), Section 3729(a)(1)(G) ("Reverse False Claim"), and Section 3729(a)(1)(C) ("Conspiracy to Violate the FCA"). Additionally, Plaintiff/Relator brings statutory, common law, and equitable claims for unjust enrichment, payment by mistake, breach of contract and covenant of good faith and fair dealing, fraud, fraud by nondisclosure, violation of the Texas Theft Liability Act, civil conspiracy, and money had and received.

## SUMMARY OF THE ARGUMENT

4.      Plaintiff/Relator's claims arise from the basic assertion that Peters/MNA committed fraud to obtain funds from the federal government through Peters/MNA's

contractual efforts with Plaintiff/Relator and conspiracy with other defendants. However, Plaintiff/Relator fails to plead facts sufficient to meet the minimum standards required by this Court.

5.    Although Plaintiff/Relator attempts to illustrate a grand scheme of fraud and conspiracy, the facts and pleadings simply do not support either. In fact, Plaintiff/Relator's claims against Peters/MNA fail to satisfy the pleading standards in Federal Rules of Civil Procedure 9(b) and 12(b)(6). Therefore, Plaintiff/Relator's following claims should be dismissed: (1) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(A)); (2) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(B)); (3) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)); (4) Conspiracy to Violate the False Claims Act (31 U.S.C. § 3729(a)(1)(C)); (5) Unjust Enrichment; (6) Payment by Mistake; (7) Breach of Contract and Covenant of Good Faith and Fair Dealing; (8) Fraud; (9) Fraud by Nondisclosure; (10) Violation of TTLA, Chapter 134 of the Texas Civil Practice and Remedies Code; (11) Civil Conspiracy; and (12) Money Had and Received.

## STATEMENT OF RELEVANT FACTS

6.    Michelle Peters is the Department Chair of Educational Leadership & Policy Analysis and Professor of Research & Statistics at University of Houston–Clear Lake ("UHCL"). Dr. Peters is a citizen and resident of the United States and the State of Texas.

7.    MNA Evaluation & Assessment, LLC was a Texas Limited Liability Company formed by Peters to provide educational consulting services such as program evaluations and statistical data analyses, and report writing to individuals, school districts, non-profit organizations, and corporations. Defendants' Request for Judicial Notice

("RJN") concurrently filed with this Motion at Exhibit A. MNA formed on May 14, 2018. *Id*. However, MNA's existence forfeited on February 28, 2020, before any of the events alleged against MNA in question. RJN at Exhibit B.

8.      In March of 2021, Peters contracted with Plaintiff/Relator to provide Plaintiff/Relator with an evaluation and assessment of the Fueling Brains educational program in exchange for $75,000 (the "First Contract"). *See* Exhibit 1, the First Contract[1]. Plaintiff/Relator admittedly later canceled its contract with Fueling Brains on December 1, 2021. Dkt. 22 at ¶82. Plaintiff/Relator alleges, "Peters d/b/a MNA submitted a proposal to [Plaintiff/Relator] to conduct an independent and unbiased evaluation of the impact of Fueling Brain's programming on [Plaintiff/Relator's] service population." Dkt. 22 at ¶125. However, the parties to the First Contract are Peters and Plaintiff/Relator, not MNA. *See* Exhibit 1 at 1, 7. MNA is not a party to the First Contract, so all claims against MNA, relying on such, should be dismissed.

9.      In August of 2021, Peters again contracted with Plaintiff/Relator to provide Plaintiff/Relator with strategic STEM coaching to teachers, parents and instructional coaches (the "Second Contract") *See* Exhibit 2, the Second Contract[2]. The Second Contract's term was from August 1, 2021 to July 31, 2022. Exhibit 2 at 1, 2. Plaintiff/Relator alleges, "Darrough pushed through and approved the contract for service entered into and effective on August 1, 2021, with Peters d/b/a MNA." Dkt. 22 at ¶123.

---

[1] This Court may consider on a motion to dismiss documents that are integral to or explicitly relied upon in the complaint without converting the motion into one for summary judgment. *Montano-Valdez v. Wells Fargo Bank*, No. CIV.A. H-13-3078, 2014 WL 69886, at *1 (S.D. Tex. Jan. 8, 2014). Plaintiff/Relator specifically relies on the referenced First Contract. Dkt. 22 at ¶¶125-126, 128-134.

[2] Plaintiff/Relator specifically relies on the referenced Second Contract. Dkt. 22 at ¶¶121, 123.

However, the parties to the First Contract are Peters and Plaintiff/Relator, not MNA. *See* Exhibit 2 at 1, 7. MNA is not a party to the Second Contract, so all claims against MNA, relying on such, should be dismissed.

10.     Plaintiff/Relator alleges Defendant Cimberli Darrough ("Darrough") authorized a contract between Peters and Plaintiff/Relator in 2019. Dkt. 22 at ¶120. However, Plaintiff/Relator does not state the nature of such contract. *See id*. In fact, Plaintiff/Relator pleads the existence of only two (2) contracts between Peters and Plaintiff/Relator. *See* Dkt. 22 at ¶¶123, 125, 129; *see also* Exhibits 1 & 2. Therefore, based upon Plaintiff/Relator's pleadings, the events and occurrences at issue began in 2021, not 2019. *See id.*; *see also* Dkt. 22 at ¶125. Thus, any allegation of a contract between Peters and Plaintiff/Relator, MNA and Plaintiff/Relator or Peters/MNA and Plaintiff/Relator in 2019 has not been adequately pled, and therefore cannot form the basis for any of Plaintiff/Relator's claims against Peters/MNA.

11.     Plaintiff/Relator also alleges Peters failed to disclose her position on Darrough's dissertation committee. Dkt. 22 at ¶¶120, 131. However, Peters' position on Darrough's committee was publicly available information. Students have to upload their final dissertations into an international database ("ProQuest"), which is a platform provided through UHCL's library, for the world to see. In addition to ProQuest, Darrough's dissertation is readily available to the public at the University of Houston-Clear Lake's library website. RJN at Exhibit C. Each dissertation contains the committee's members. *Id*. at 3.

12.     As explained in detail below, Plaintiff/Relator's following claims should be

dismissed for failure to meet the pleading standards required by Federal Rule of Civil Procedure 9(b) and 12(b)(6): (1) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(A)); (2) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(B)); (3) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)); (4) Conspiracy to Violate the False Claims Act (31 U.S.C. § 3729(a)(1)(C)); (5) Unjust Enrichment; (6) Payment by Mistake; (7) Breach of Contract and Covenant of Good Faith and Fair Dealing; (8) Fraud; (9) Fraud by Nondisclosure; (10) Violation of TTLA, Chapter 134 of the Texas Civil Practice and Remedies Code; (11) Civil Conspiracy; and (12) Money Had and Received.

**STANDARDS OF REVIEW**

### I. Federal Rule of Civil Procedure 9(b)

13.     Claims brought under the FCA are fraud claims that must comply with Rule 9(b) requirements. *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 760 (S.D. Tex. 2010) (citing *Hopper v. Solvay Pharms.*, 588 F.3d 1318, 1325 (11th Cir. 2009); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 468 (5th Cir.2009)). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

14.     "At a minimum, [Federal Rule of Civil Procedure] 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). "Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud."

*Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). The Fifth Circuit's "precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

### II. Federal Rules of Civil Procedure 8(a)(2) & 12(b)(6)

15.     Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Medtronic, Inc.*, 747 F. Supp. 2d at 760. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Medtronic*, 747 F. Supp. at 760; Fed. R. Civ. P. 8(a)(2).

16.     The pleading rules are designed to give an opposing party "fair notice" of the claim and the grounds upon which it is based. *Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018). Accordingly, pleadings must state both factual and legal bases for the entitlement to the relief requested. *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex. 1993). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the complaint is too general, it does not provide fair notice to a defendant of the claims against it. Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Iqbal*, 556 US at 678; *Twombly*, 550 US at 555.

**ARGUMENT**

I.  **Plaintiff/Relator's First (The Submission of, or Causing of the Submission of, False Claims) and Second (Use of False Statements) Claims for Relief Should be Dismissed.**

> A. **Plaintiff/Relator's First and Second Claims Fail to Meet Rule 9(b)'s Heightened Standard.**

17.     Plaintiff/Relator brings FCA claims under Sections 3729(a)(1)(A) ("False Claims Provision") ("First Claim") and (B) ("False Statement Provision") ("Second Claim") against Peters/MNA. Dkt. 22 at ¶¶170-180. The False Claims Provision creates liability for knowingly presenting, or causing to be presented, a false or fraudulent claim for payment. 31 U.S.C. § 3729(a)(1)(A). The False Statement Provision creates liability for knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(a)(1)(B).

18.     A violation of the FCA occurs when (1) "there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 259 (5th Cir. 2014). Further, "precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty*, 565 F.3d at 207.

19.     Plaintiff/Relator's FCA claims are factually vague, confusing, and do not identify which facts they contend support which claims. While Plaintiff/Relator engages in

a lengthy discussion of the alleged fraud and conspiracy, it fails to specify facts to support its allegation that the Peters/MNA engaged in fraudulent behavior under the FCA.

20.     Specifically, Plaintiff/Relator's uses the following terminology to hedge its pleadings:

(1) "MNA did not contract directly with Relator" (Dkt. 22 at ¶2);

(2) "…**it is likely** that Peters received remuneration…" (Dkt. 22 at 43 ¶140); and

(3) "…on information and belief…" (Dkt. 22 at 6 ¶15; 7 ¶17; 44 ¶142; 14 ¶38).

21.     Further, Plaintiff/Relator uses references to Darrough's actions, *rather than* Peters' or MNA's, to seemingly justify claims against Peters and MNA (Dkt. 22 at 38 ¶¶121 ("Darrough submitted a CQS for Peters in the amount of $164,160.00), 122; 39 ¶123 ("…which Darrough also approved on November 9, 2021"), 39 ¶126 ("Darrough signed a CQS Sheet for the MNA contract…"); 40 ¶127 ("The third quote Darrough listed… Darrough misrepresented material facts regarding competitive quotes…"). While at first glance the length of Plaintiff/Relator's SAC seems to supply an extent of detail, the lack of specificity regarding who, what, where when and why **for Peters and MNA** is apparent. *Flaherty*, 565 F.3d at 207 (requires pleading to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.)

22.     Due to the punitive nature of the statute, Courts require heightened pleading under the FCA to separate out the claims from mere breach of contract. The FCA categorizes falsity in three ways: (1) factually false; (2) legally false; and (3) promissory

fraud. *See Medtronic*, 747 F.Supp.2d at 765; *Thompson*, 125 F.3d at 902; *United States ex rel. Graves v. ITT Educational Svcs., Inc.*, 284 F.Supp.2d 487, 503 (S.D. Tex. 2003). These categories are necessary to maintain the "crucial distinction between punitive FCA liability and ordinary breaches of contract." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 268 (5th Cir. 2010).

23.     Plaintiff/Relator points to the First Contract's conflict of interest provision:

> **131.**   Despite the clear conflicts of interest arising from her employment with Fueling Brains and her position as Darrough's dissertation committee member, Peters also expressly and falsely warranted:
>
>> Contractor represents that it does not have nor will Contractor knowingly acquire any interest that would conflict in any manner with the performance of his or her obligations under this Contract. If Contractor knows or should have reason to know of a potential conflict of interest, Contractor must divulge this information promptly to Agency for evaluation of whether the potential conflict would adversely affect the performance of Services.

Dkt. 22 at ¶131.

24.     Plaintiff/Relator and Peters entered into the First Contract in March of 2021. *See* Exhibit 1. Plaintiff/Relator makes no allegations as to why any alleged violation of the conflict of interest provision provided for in the contract, rises above alleged, mere breach.

25.     Therefore, as pled, Plaintiff/Relator does not meet the heightened pleading standard for fraud claims under the FCA. The alleged "fraudulent misrepresentations" were not inducements but merely alleged breaches of contract. Mere breach does not rise to the level of pleading required for the FCA. *See Steury*, 625 F.3d at 268 (acknowledging the "crucial distinction" between punitive FCA liability and ordinary breaches of contract).

26.     Plaintiff/Relator has failed to comply with Rule 9(b), and dismissal is warranted on Plaintiff/Relator's First and Second Claims under the FCA.

**B. Plaintiff/Relator's First and Second Claims Fail to State a Claim under 12(b)(6).**

27.     Plaintiff/Relator asserts Peters/MNA breached the Head Start's conflict of interest provisions. Dkt. 22 at ¶37. First, as explained above, Plaintiff/Relator has not pled nor referenced a contract between Plaintiff/Relator and MNA. Only Peters has contracted with Plaintiff/Relator, so this allegation could only theoretically apply to Peters, not MNA.

28.     Second, Peters is not subject to Head Start's conflict of interest provisions, as Peters is neither a member of the governing body nor policy council, but merely an individual contracting to provide services to the Head Start agency. 42 U.S.C. § 9837(c)(1)(C); 42 U.S.C. § 9837(c)(2)(C).

29.     The statute requires a Head Start agency to,

> establish and maintain a formal structure for program governance, for the oversight of quality services for Head Start children and families and for making decisions related to program design and implementation.

42 U.S.C. § 9837(c). Such structure must include a governing body and a policy council. 42 U.S.C. § 9837(c).

30.     Generally, the governing body shall have legal and fiscal responsibility over the Head Start agency. 42 U.S.C. § 9837(c)(1)(A). The policy council is responsible for the direction of the Head Start program, including but not limited to program design and operation. 42 U.S.C. § 9837(c)(2)(A). Peters had neither control nor influence over Plaintiff/Relator's legal or financial matters, nor was she responsible for Plaintiff/Relator's ultimate direction. Importantly, Plaintiff/Relator has not pled that she did. Therefore, the "Conflict of Interest" provisions attributable to the governing body and policy council

cannot be attributable to Peters.

31.    Plaintiff/Relator has failed to state a claim under Rule 12(b)(6), and dismissal is warranted on Plaintiff/Relator's First and Second Claims under the FCA.

### C. Defendants are not subject to the Theory of Implied False Certification.

32.    Plaintiff/Relator's First and Second Claims, as pled, do not allege that Peters/MNA are liable under the theory of false certification. An implied false certification is based on the theory that a company implicitly certifies that it has complied with the relevant ancillary requirements each time it submits an invoice to the government for any work performed, even if no express certification of compliance has been made. The implied false certification theory can, **in some circumstances**, provide a basis for liability. *See Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 186, 136 S. Ct. 1989, 1999, 195 L. Ed. 2d 348 (2016) (emphasis added).

33.    This theory can be a basis for liability where at least two conditions are satisfied: (1) the claim does not merely request payment, but also makes specific representations about the goods or services provided; and (2) the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading. *Id*. at 187. Plaintiff/Relator has failed to plead either condition against Peters or MNA, and neither is satisfied. Therefore, the Peters Defendants are not liable under the implied certification theory.

### II.    Plaintiff/Relator's Third (Reverse False Claims) Claim for Relief Should be Dismissed.

34.    Plaintiff/Relator brings a FCA claim under Section 3729(a)(1)(G) ("Reverse

False Claims") ("Third Claim") against Peters and MNA. Dkt. 22 at ¶¶181-184.

35.     A person or entity may be liable under the FCA for a reverse false claim, which involves improper conduct to avoid paying the government or improper retention of an overpayment by the government. 31 U.S.C. § 3729(A)(1)(g). The purpose of the reverse false claim provision of the FCA is "to address conduct that would otherwise escape liability under the FCA." *United States v. Cockerell Dermatopathology, P.A.*, No. 3:21-CV-0672-B, 2021 WL 4894173, at *8 (N.D. Tex. Oct. 20, 2021) (citing *United States ex rel. Ramsey-Ledesma v. Censeo Health, L.L.C.*, 2016 WL 5661644, at *11 (N.D. Tex. Sept. 30, 2016) (citing *U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 514 (E.D. Pa. 2010))).

36.     The plaintiff must allege separate conduct for the reverse false claim from the conduct asserted within the other false claims. *United States v. Cath. Health Initiatives*, No. 4:18-CV-123, 2022 WL 2657131, at *11 (S.D. Tex. Mar. 31, 2022), *report and recommendation adopted sub nom. Chihi v. Cath. Health Initiatives*, No. 4:18-CV-00123, 2022 WL 2652135 (S.D. Tex. July 8, 2022) (citing *U.S. ex rel. Ligai v. ETS-Lindgren Inc.,* No. CIV.A. H-112973, 2014 WL 4649885, at *13 (S.D. Tex. Sept. 16, 2014) (finding reverse FCA claims insufficient because relator merely alleged a failure to refund the same false claims the Government paid and failed to identify an existing obligation to reimburse the Government)).

37.     However, Plaintiff/Relator attempts to do just that. Plaintiff/Relator makes no effort to differentiate its "reverse" claim from its "affirmative" claims. Therefore, Defendants' failure to refund "the same money the Government allegedly paid in relation

to [Plaintiff/Relator's] § 3729(a)(1)(a) and (B) claims" is not actionable under the reverse FCA provision. *See id*. Therefore, Plaintiff/Relator's Third Claim against Peters and MNA should be dismissed.

## III. Plaintiff/Relator's Fourth (Conspiracy to Violate the FCA) Claim for Relief Should be Dismissed.

38.     Plaintiff/Relator makes allegations of conspiracy under the FCA ("Fourth Claim") against Peters and MNA. Dkt. 22 at ¶¶185-187.

39.     A person or entity may be liable under the FCA for conspiring to commit a violation of any of the other liability provisions. 31 U.S.C. § 3729(a)(1)(C). However, as Plaintiff/Relator failed to adequately plead the prior liability provisions, the Court should dismiss Plaintiff/Relator's Fourth Claim.

40.     To prove a conspiracy to violate the False Claims Act (FCA), a plaintiff must be able to show (1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by the federal government, and (2) at least one act performed in furtherance of that agreement. *See U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir. 2008). To prove a conspiracy under the False Claims Act (FCA), a plaintiff must demonstrate that defendants shared a specific intent to defraud the government. *Id*. "The essence of a conspiracy under the Act is an agreement between two or more persons to commit a fraud." *Graves*, 284 F. Supp. 2d at 509–10 (citing *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Provident Life & Accident Ins. Co.*, 721 F.Supp. 1247, 1259 (S.D.Fla.1989) (citing *Blusal Meats Inc. v. United States*, 638 F.Supp. 824, 828 (S.D.N.Y.1986))).

41.     In addition to its failure to sufficiently plead an underlying liability violation, Plaintiff/Relator also failed to adequately plead with particularity any element listed above with defendants, Peters and MNA. Plaintiff/Relator provides no details nor proves any scheme or agreement between Peters and MNA with any of the other defendants. Plaintiff/Relator has pled nothing more than the fact the defendants knew one another. Therefore, Plaintiff/Relator's claim for conspiracy should be dismissed.

## IV.     Plaintiff/Relator's First, Second, Third and Fourth Claims are barred by the Public Disclosure Bar.

42.     Plaintiff/Relator asserts Peters' alleged omission of her position on Darrough's dissertation committee constituted fraud under the FCA, as well as common law fraud. Here, we address the allegation of fraud under the FCA. This alleged misrepresentation is wholly insufficient due to the application of Rule 9(b) and the public disclosure bar.

43.     A court asks three questions to determine whether a public disclosure bars an FCA suit: (1) Was there a "public disclosure" of the allegations or transactions? (2) Was the qui tam action "based upon" what was publicly disclosed? and (3) If so, was the relator an "original source" of the information that forms the basis of the complaint? *U.S. ex rel. Sonnier v. Standard Fire Ins. Co.*, 84 F. Supp. 3d 575, 586 (S.D. Tex. 2015) (citing *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir.1995)); *see also Graham Cnty. Soil & Water Conservation Dist. v. United States*, 559 U.S. 280 (2010).

44.     An "original source" is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily

provided the information to the Government before filing an action under this section which is based on the information." *Sonnier*, 84 F. Supp. 3d at 586 (citing 31 U.S.C. § 3730(e)(4)(B)). In a False Claims Act action, it is a relator's burden to show that he or she qualified under the original source exception to the public disclosure bar; otherwise, the public disclosure bar strips the court of subject matter jurisdiction. *See United States ex rel King v. Solvay Pharms., Inc.*, 871 F.3d 318 (5th Cir. 2017); *see also* 31 U.S.C.A. § 3730(e)(4)(A).

45.    The Supreme Court has found that § 3730(e)(4)(A) is over-inclusive when determining if news media meets the standard of a public disclosure. *Green v. AmerisourceBergen Corp.*, No. 4:15-CV-379, 2017 WL 1209909, at *6 (S.D. Tex. Mar. 31, 2017). "The 'news media' referenced in [§ 3730(e)(4)(A)(iii)] plainly have a broader sweep." *Id*. (citing *Wilson*, 559 U.S. at 290). Courts have unanimously interpreted the term "public disclosure" to include websites and online articles. *Id*.; *see Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 408 (2011).

46.    Peters' position on Darrough's committee was publicly available information. As previously stated, students have to upload their final dissertations into an international database ("ProQuest") for the world to see. In addition to ProQuest, Darrough's dissertation is readily available to the public at the University of Houston-Clear Lake's library website. RJN at Exhibit C. Each dissertation contains the committee's members. *Id*. at 3.

47.    Further, Darrough was not a signatory on, nor a party to, the First Contract. Exhibit 1 at 1, 7.  Thus, Darrough and Peters did not enter into this contract together, which

would further disprove any assertion of a conspiracy. To claim such a conspiracy is a far reach.

48.     As explained above, Plaintiff/Relator's First, Second, Third and Fourth Claims rely on non-disclosure of this relationship. *See* Dkt. 22 at ¶¶120, 125, 127, 131. Therefore, any and all of Plaintiff/Relator's claims referencing or relying upon such information are barred by the public disclosure bar, as Plaintiff/Relator had knowledge of this relationship.

## V.     Plaintiff/Relator's Fifth (Unjust Enrichment), Sixth (Payment by Mistake) and Twelfth (Money Had and Received) Claims for Relief Should Be Dismissed.

49.     Plaintiff/Relator brings claims for unjust enrichment ("Fifth Claim"), payment by mistake ("Sixth Claim") and money had and received ("Twelfth Claim") against Peters only. Dkt. 22 at ¶¶188-190, 191-194, 205-207.

50.     Plaintiff/Relator's claims for unjust enrichment, payment by mistake, and money had and received are each quasi-contract theories. *U.S. ex rel. Campbell v. KIC Development, LLC*, No. EP-18-CV-193-KC, 2019 WL 6884485, at *17 (W.D. Tex. Dec. 10, 2019); *Stewart Title Guar. Co. v. Mims*, 405 S.W.3d 319, 339 (Tex. App.—Dallas 2013, no pet.). Texas law is clear, quasi-contract theories cannot supersede or exist in conjunction with a valid agreement addressing the matter. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).

51.     Plaintiff/Relator's quasi-contract claims fail, and should be dismissed, because Plaintiff/Relator has pled that there were valid, enforceable contracts between Plaintiff/Relator and Peters. *See* Dkt. 22 at ¶¶123, 132, 196. Further, Plaintiff/Relator

alleged Peters failed to comply with the requirements under the contract, and the contract was why Plaintiff/Relator compensated Peters. Dkt. 22 at ¶129 ("Consistent with the contract terms, the Agency paid Michelle Peters $75,000.00 on May 18, 2021"). These are the same funds Plaintiff/Relator alleges they demanded were returned. Dkt. 22 at ¶135.

52. Therefore, Plaintiff/Relator's Fifth, Sixth and Twelfth Claims should be dismissed.

## VI. Plaintiff/Relator's Seventh (Breach of Contract and Covenant of Good Faith and Fair Dealing) Claim for Relief Should be Dismissed.

53. Plaintiff/Relator brings a breach of contract and covenant of good faith and fair dealing claim ("Seventh Claim") against Peters only. Dkt. 22 at ¶¶195-196.

54. As explained above, the FCA categorizes "falsity" to maintain the "crucial distinction between punitive FCA liability and ordinary breaches of contract." *Steury*, 625 F.3d at 268. Here, Plaintiff/Relator attempts to "have its cake and eat it too", as it pleads both breach of contract and FCA violations on the same set of underlying assertions, and not in the alternative.

55. In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007).

56. Plaintiff/Relator fails to state a claim under Federal Rules of Civil Procedure 8 and 12. Under Rule 8, a pleading must contain a short and plain statement of the claim asserted showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleading rules

are designed to give an opposing party "fair notice" of the claim and the grounds upon which it is based. *Askanase*, 148 F.R.D. at 573. Accordingly, pleadings must state both factual and legal bases for the entitlement to the relief requested. *Id.* If the complaint is too general, it does not provide fair notice to a defendant of the claims against it. Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Iqbal*, 556 US at 678; *Twombly*, 550 US at 555.

57.     Plaintiff/Relator does not give Peters sufficient notice of her allegedly wrongful conduct. As explained above, Plaintiff/Relator and Peters entered into two contracts. Plaintiff/Relator does not clearly identify which contract its Seventh Claim refers to, identify the alleged breach, or specify the damages of such breach specific to Peters. In fact, the only reference to either the First or Second Contract was pled under the Plaintiff/Relator's SAC section, "Specific **Instances of False Claims Act Violations** by Michelle Peters ("Peters") and MNA Evaluation & Assessment, LLC ("MNA")". *See* Dkt. 22 at ¶¶121, 123, 125-126, 128-134 (emphasis added).

58.     Therefore, Plaintiff/Relator's breach of contract claim should be dismissed.

59.     Further, Plaintiff/Relator's covenant of good faith and fair dealing claim should be dismissed for failure to state a claim, as Texas does not recognize an implied covenant of good faith and fair dealing cause of action. *Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720, 726 (Tex. App.—El Paso 2011) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697 (Tex. 1994); *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000)); *see also Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) ("While this court has declined to impose an implied covenant of good faith and fair dealing in every contract, we have recognized that a duty of good faith and fair dealing may arise

as a result of a special relationship between the parties governed or created by a contract.").

60.     Plaintiff/Relator has plead a *covenant* of good faith and fair dealing claim, not a recognized *duty* of good faith and fair dealing. Furthermore, Plaintiff/Relator has not alleged that any special relationship existed between them and Peters and/or MNA that would rise to the level of allowing a claim for the duty of good faith and fair dealing. *See Arnold*, 725 S.W.2d at 167.

61.     Therefore, because Texas law does not recognize an implied covenant of good faith and fair dealing, nor has Plaintiff/Relator pled facts sufficient to claim a duty of good faith and fair dealing. Plaintiff/Relator's Seventh Claim should be dismissed.

## VII.    Plaintiff/Relator's Eighth (Fraud) and Ninth (Fraud by Nondisclosure) Claims for Relief Should be Dismissed.

62.     Plaintiff/Relator brings fraud ("Eighth Claim") and fraud by nondisclosure ("Ninth Claim") claims against Peters and MNA. Dkt. 22 at ¶¶197-198, 199-200.

63.     The elements of fraud are (1) a material representation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 849–50 (Tex. App.—Houston [14th Dist.] 2010).

64.     Fraud by nondisclosure is another species of fraud. *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 506 (Tex. App.—San Antonio 2013); *see Schlumberger Tech.*

*Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud by nondisclosure are (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge. *Horizon Shipbuilding*, 324 S.W.3d at 850.

65.    As explained above in response to Plaintiff/Relator's FCA claims, Plaintiff/Relator has failed to meet Rule 9(b)'s heightened pleading standard by stating the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). This pleading standard is also required under claims for common law fraud. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 785 (S.D. Tex. 2005); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). Plaintiff/Relator has not plead facts setting forth the "who, what, when, where, and how" of any "knowing or reckless material misrepresentation" or omission giving rise to liability for common-law fraud. *See Thompson*, 125 F.3d at 903. Therefore, Plaintiff/Relator's fraud and fraud by nondisclosure claims against Peters and MNA should be dismissed.

**VIII.    Plaintiff/Relator's Tenth (Violation of TTLA) Claim for Relief Should be Dismissed.**

66.    Plaintiff/Relator brings a claim under the TTLA (Chapter 134 of the Texas

Civil Practice and Remedies Code) ("Tenth Claim") against Peters only. Dkt. 22 at ¶¶201-202.

67.     Under the Texas Theft Liability Act ("TTLA"), a person who commits theft is liable for damages resulting from the theft. Tex. Civ. Prac. & Rem. Code § 134.002(3); *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 669 (S.D. Tex. 2015). For all TTLA claims, the plaintiff must establish: (1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft. *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 542 (S.D. Tex. 2011).

68.     "[A] claim of theft made in connection with a contract requires proof of more than an intent to deprive the owner of property and subsequent appropriation of the property." *Ehrhardt v. State*, 334 S.W.3d 849, 853 (Tex. App.—Texarkana 2011). Plaintiff/Relator "must prove the defendant did not perform the contract and knew he was not entitled to the money, not merely that there is a dispute about the amount rightfully owed." *Id*. at 854. One method of establishing theft, in connection with a contractual dispute, is to establish the appellant defendant had no intention of fulfilling his obligation under the agreement, and his promise to perform was merely a ruse to accomplish theft by deception. *Id*.

69.     Here, Plaintiff/Relator has failed to plead that Peters or MNA intended not to perform "at the time [it] entered into contracts." *See Holcomb v. State*, 445 S.W3d 767, 782 (Tex. App.—Houston [1st Dist.] 2014). Therefore, Plaintiff/Relator fails to adequately

state a claim for theft, so its TTLA claim should be dismissed pursuant to Rule 12(b)(6).

## IX. Plaintiff/Relator's Eleventh (Civil Conspiracy) Claim for Relief Should be Dismissed.

70.     Plaintiff/Relator brings a claim for civil conspiracy ("Eleventh Claim") against Peters and MNA. Dkt. 22 at ¶¶203-204.

71.     Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (citing *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 414 (5th Cir.2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996))). In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir.2007) ("If a plaintiff fails to state a separate claim on which the court may grant relief, then the claim for civil conspiracy necessarily fails."); *see also Amazon Tours v. Quest Global Angling Adventures*, 3:03cv2551–M, 2004 WL 1788078 at *4, 2004 U.S. Dist. LEXIS 12382 at *10–11 (N.D.Tex. June 30, 2004) (holding that catch-all "incorporation by reference" statement in the civil conspiracy section of a complaint did not give defendants fair notice that any of the other torts listed in the complaint were the underlying tort).

72.     Plaintiff/Relator's civil conspiracy claim must be dismissed, as Plaintiff/Relator has failed to state a separate claim on which the court may grant relief, as it has failed to plead fraud with any particularity. Therefore, Plaintiff/Relator's civil conspiracy claim should be dismissed.

## CONCLUSION AND PRAYER

Defendants Peters and MNA ask that the Court grant this Motion, hold that Plaintiff/Relator has failed to state their claims with sufficient particularity under Rules 8, 9 and 12, and dismiss Plaintiff/Relator's claims against Peters and MNA. Defendants Peters and MNA ask for all other relief to which they are entitled, at equity or law.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:   */s/ Andrew J. Mytelka*
       **Andrew J. Mytelka**
       Attorney-in-Charge
       State Bar No. 14767700
       Fed. ID No. 11084
       amytelka@greerherz.com
       **Jordan Raschke Elton**
       State Bar No. 24108764
       Fed. ID No. 3712672
       jraschke@greerherz.com
       One Moody Plaza, 18th Floor
       Galveston, Texas 77550
       (409) 797-3200 (Telephone)
       (866) 422-4270 (Facsimile)

       **COUNSEL FOR DEFENDANTS MICHELLE PETERS, AND MNA EVALUATION & ASSESSMENT, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of March, 2024, a copy of this document was served on all counsel of record via the court's ECF system.

_/s/ Andrew J. Mytelka_