In the United States District Court
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| United States of America ex rel. BakerRipley, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 23-cv-1124 |
| Kids U US, Inc. d/b/a Fueling Brains, Cimberli Johnson Darrough, an individual, Antonio Corrales, an individual, Stirling Evaluation and Assessment, LLC, Michele Peters, an individual and MNA Evaluation and Assessment, LLC, | § § § § § § § § | Filed In Camera and Under Seal  Jury Demanded |
| Defendants. | § | |

**Defendant Cimberli Johnson Darrough's Reply to BakerRipley's
<u>Response to her Amended Motion to Dismiss, and Brief in Support</u>**

To the Honorable Judge of Said Court:

Comes now Cimberli Johnson Darrough, Defendant herein, who hereby makes and files this, her Reply to the Response to her Amended Motion to Dismiss, filed by BakerRipley, Plaintiff herein, and Brief in Support and in support whereof would show unto the Honorable Court as follows:

I.
<u>Introduction</u>

Darrough is one of a number of defendants named in a FCA lawsuit, allegedly to recover amounts fraudulent extracted from the Plaintiff in connection with its administration of programs offered in the Houston area on behalf of Head Start, the

1

federal program aimed at helping underprivileged children. Darrough moved to dismiss these claims, and the Plaintiff amended its Complaint. Darrough moved to dismiss the Amended Complaint, and the Plaintiff as filed a Response, arguing dismissal is unwarranted and asking for yet another chance to amend if the Court feels otherwise. Darrough hereby files her Reply to the Plaintiff's Response.

II.
Arguments and Authorities

There is an old expression used by certain campers: "If you can't tie a knot, tie a lot," usually said when the speaker seeks to hold something in place with a rope tied every which way but the right one. The Plaintiff's Amended Complaint is a lot like such a rope, trying to make up for in volume what it lacks in substance.

Darrough's dismissal motion asks that the case against her be dismissed under Rule 9(b), for insufficient pleading of the factual basis of the fraud-based claims brought against her, and Rule 12(b)(6), for insufficient pleading of a claim for which relief may be had. The Plaintiff's response has been to plead every fact it has (mostly related to the prior professional relationships between Darrough and other defendants), the date Darrough sent various emails, and what those emails said. In an effort to obscure that none of these facts show the necessary when, where, why and how of a fraud claim, or indeed any claim at all, the Plaintiff lards the factual statements it is able to make with entirely unsubstantiated claims regarding Darrough's motivations and intentions, none of which are supported by anything like facts. The Plaintiff's unsubstantiated suppositions

are insufficient to support the claims it has brought against Darrough, no matter how lengthy they might be. The suit against Darrough ought to be dismissed.

A.  FCA "Knowing Assistance" Claim

Apparently realizing it cannot prove that Darrough received a single cent of federal funds, the Plaintiff argues instead she can be liable under the FCA for having allegedly knowingly assisted those who received the funds in claiming them. Doc. 44, ¶¶ 12. While the Plaintiff is correct that FCA liability can be based on such a claim, it ignores that proof of the claim requires showing not just "assistance" in making an allegedly false claim, but that this assistance have been "knowing." "Knowing" is defined in the FCA to mean either having actual knowledge that the claim is false, or to act with intentional or reckless disregard for whether it is. 31 U.S.C. § 3729(b)(1); *accord, United States ex rel. Carroll v. Planned Parenthood Gulf Coast, Inc.*, 21 F.Supp.3d 825, 832 (S.D. Tex. 2014). A mistake, negligence and even gross negligence is insufficient to support a claim of "knowing" action. *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 (5th Cir. 2008). Put another way, "a lie is actionable, but not an error." *United States ex re. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004); *accord, United States v. BNP Paribas SA*, 884 F.Supp.2d 589, 610 (S.D. Tex. 2012).

In its Response, the Plaintiff does nothing to explain why it believes why any assistance Darrough rendered in connection with payments made was done with knowledge that the claims made were false. Rather, all it does is repeat, verbatim, the

allegations made in its pleadings. Doc. 44, ¶ 13. Darrough's Motion addressed why the allegations made, based on innuendo and supposition, not facts, do not support the FCA claim brought against her. She will not repeat these same arguments here, except to note that the prolixity of the Amended Complaint is no substitute for substance, and its unsubstantiated allegations of knowledge of wrongdoing are not sufficient to support a FCA claim against Darrough.

B. <u>FCA Conspiracy Claim</u>

A similar analysis applies to the FCA conspiracy claim brought against Darrough: although it can show that Darrough knew and communicated with the other defendants, it has nothing to show that their relationship resulted in the conspiracy it claims exists.

As is true of all conspiracy claims, a FCA conspiracy claim requires proof of an unlawful agreement among the defendants to accomplish a goal, and overt acts in furtherance thereof. *Farmer*, 523 F.3d at 343. In an FCA context, the agreement that must be shown is one to defraud the government in violation of the FCA. *Id.*; *United States ex rel. Ramsey-Ledesma v. Censeo Health, LLC*, 3:14-CV-00118-M, 2016 U.S. Dist. LEXIS 135392 * 41 (N.D. Tex. Sept. 30, 2016). The fact the defendants all know one another, or even that they acted together in connection with the making of allegedly false claims, is insufficient, because it does no more than merely point to the possibility of a conspiracy, which is insufficient. *See, e.g., United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 194 (5th Cir. 2009) (pleading alleging that hospital and various doctors who worked there submitted false claims insufficient to allege FCA conspiracy claim); *Conseco Health* *

4

41-42 (allegation that party working on contract submitted false claims insufficient to support FCA conspiracy claim, where facts alleged did not show a particular agreement among the parties regarding the submission of false claims).

Once again, the actual facts plead by the Plaintiff do not show the existence of a conspiracy between Darrough and anyone else. Instead, the Plaintiff tries to substitute speculation and innuendo based on the fact Darrough knew and worked with other defendants, both previously and on this project. Once again, instead of explaining why its factual allegations about the supposed conspiracy should be found to be sufficient, the Plaintiff just cuts-and-pastes its insufficient allegations into its Response. Doc. 44, ¶ 19. Facts are facts and speculation is speculation; the Plaintiff's speculation is no substitute for the specific facts required by Rules 9(b) and 12(b)(6).

C. <u>Adoption of Other Arguments</u>

The Plaintiff concludes with a surprisingly lengthy argument about why Darrough should not be allowed to adopt an argument in favor of dismissal made by other defendants. Doc. 44, ¶¶ 26-35. The argument is surprising, because the Plaintiff never explains why Darrough cannot rely on arguments made by others regarding the same claims, in the same lawsuit, one in which the Plaintiff alleges the existence of a conspiracy between Darrough and the other defendants, instead asserting she has somehow failed to show how the claims brought against her sufficiently like the identical claims brought against the other defendants in the very same lawsuit, a complaint that seems to answer itself. This argument is especially unusual given authorities Darrough

cited recognizing her right to do so, authorities which the Plaintiff spends considerable effort to distinguish, ultimately unsuccessfully.

The central weakness of the Plaintiff's argument is it never explains why Darrough cannot rely on an argument made by others, given that Darrough would have clearly had the right to make the very same argument herself, cutting and pasting it into her own Motion, or why explicitly referring to it and incorporating it therein ought to be found insufficient. This is an elevation of form over function that Court should reject, considering the incorporated arguments and dismissing the claims against Darrough if they support doing so.

Wherefore, premises considered, Darrough prays her Motion be granted, and the case against her dismissed with prejudice, for the reasons set forth therein and herein.

Darrough prays for such other and further relief, general or special, in law or in equity, to which she may prove herself to be justly entitled.

Respectfully submitted,

The Singhal Law Firm

*/s/ Dinesh H. Singhal*
Dinesh H. Singhal
Texas Bar No. 24003383
dinesh@singhallaw.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Tel: 713.222.8500

Attorney for Darrough

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Reply has been served on the following counsel of record through the Court's CM/ECF system, on this the 1st day of July, 2024:

Joseph E. Hoffer,
Schulman Lopez
845 Preston Road
San Antonio, Texas 78258
Lead counsel for Plaintiff

Amanda Gadison
Bryan Cave
2200 Ross Avenue, Suite 4200 W
Dallas, Texas 75201
Lead counsel for Defendant Kids U Us

Jordan Raschke Elton
Greer Herz
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Lead counsel for Defendants Peters
and MNA Evaluation

Fred D. Raschke
Mills Shirley
2200 Market Street, Suite 300
Galveston, Texas 77550
Counsel for Defendants Corrales and Sterling Evaluations

*/s/ Dinesh H. Singhal*
Dinesh H. Singhal