# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, ex rel. | § | |
| BakerRipley | § | |
| 4450 Harrisburg, Suite 200 | § | |
| Houston, TX 77011 | § | |
| | § | |
| & BakerRipley | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | Case No. 23-CV-1124 |
| | § | |
| Kids U US, Inc. d/b/a Fueling | § | |
| Brains, Cimberli Johnson Darrough, | § | |
| an individual, Antonio Corrales, an | § | |
| individual, Sterling Evaluation and | § | |
| Assessment, LLC, Michele Peters, | § | |
| an individual, and MNA Evaluation | § | |
| and Assessment, LLC | § | |
|     Defendants | § | |

## DEFENDANTS, ANTONIO CORRALES'S AND STERLING EVALUATION AND ASSESSMENT, LLC'S, ORIGINAL ANSWER

TO THE HONORABLE JUDGE LEE ROSENTHAL:

Defendants Antonio Corrales ("Dr. Corrales") and Sterling Evaluation and Assessment, LLC (collectively, the "Corrales Defendants" or "Defendants") file this Original Answer in response to Relator BakerRipley's ("Relator") Second Amended Complaint (the "Complaint"), subject to the Court's ruling on Defendants' previously filed Motion to Dismiss, and would respectfully show as follows:

---

# I.    ACKNOWLEDGEMENT OF COURT'S ORDER

The Corrales Defendants separately filed a Motion to Dismiss Relator's Second Amended Complaint. [Dkt. No. 33]. Defendants acknowledge, on July 25, 2024, the Court issued an order completely dismissing Relator's claims for: (1) Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)), [Dkt. No. 22 at 56 ¶¶ 181–184]; (2) Breach of Covenant of Good Faith and Fair Dealing, [Dkt. No. 22 at 58–59 ¶¶ 195–196]; and (3) Violation of TTLA, Chapter 134 – Theft, in the Second Amended Complaint, [Dkt. No. 22 at 60, ¶¶ 201–202]. This Answer is filed subject to the Court's ruling. [Dkt. No. 55].

# II.   ANSWER

The Corrales Defendants answer the allegations contained within the separately numbered paragraphs of Relator's Complaints as follows:

# I.    <u>The Parties & Overview of False Claims</u>

1.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 1. To the extent an answer is required, Defendants deny the allegations in paragraph 1.

2.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 2. To the extent an answer is required, Defendants deny the allegations in paragraph 2.

3.    Defendants deny they violated the False Claims Act ("FCA"). Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 3. To the extent an answer is required, Defendants deny the other allegations in paragraph 3.

4.      Defendants deny they engaged in wrongful actions. Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 4. To the extent an answer is required, Defendants deny the other allegations in paragraph 4.

5.      Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 5. To the extent an answer is required, Defendants deny the allegations in paragraph 5.

6.      Defendants deny they deceived or defrauded Relator, Plaintiff United States of America (the "Government"), school districts, or publicly funded entities in the State of Texas. Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 6. To the extent an answer is required, Defendants deny the other allegations in paragraph 6.

7.      Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 7. To the extent an answer is required, Defendants deny the allegations in paragraph 7.

8.      The allegations contained in paragraph 8 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 8.

9.      The allegations contained in paragraph 9 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 9.

10.     Defendants admit sentences 1 and 2 of paragraph 10. Defendants deny the allegations in sentence 3 of paragraph 10, except the portion saying, "Corrales was Darrough's dissertation committee chairperson and degree advisor…."

11.     Defendants deny the allegations contained in paragraph 11.

12.     Defendants admit sentences 1–3 of paragraph 12. As to sentence 4 of paragraph 12, Defendants deny Plaintiff's allegations as stated. Defendants admit that Darrough contacted Sterling and BakerRipley contracted with Defendants. Defendants deny the allegations in sentence 5 of paragraph 12.

13.     Defendants deny the allegations contained in paragraph 13.

14.     Defendants admit the allegations in sentences 1 and 2 of paragraph 14. Defendants lack sufficient knowledge to admit or deny the first part of sentence 3 of paragraph 14 ending with "…doctoral methodology advisor…" and deny the remainder of sentence 3 of paragraph 14. Defendants admit the allegation in sentence 4 of paragraph 14. Defendants lack sufficient knowledge to admit or deny the allegations made in sentence 5 of paragraph 14. To the extent an answer is required, Defendants deny the allegations in sentence 5 of paragraph 14.

15.     The allegations contained in paragraph 15 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 15.

16.     The allegations contained in paragraph 16 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 16.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants deny the allegations contained in paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

## I.     Early Head Start/Head Start Program Background

22.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 22. To the extent an answer is required, Defendants deny the allegations in paragraph 22.

23.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 23. To the extent an answer is required, Defendants deny the allegations in paragraph 23.

## II.     The False Claims Act ("FCA") Background

24.     The allegations contained in paragraph 24 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 24.

25.    The allegations contained in paragraph 25 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 25.

26.    The allegations contained in paragraph 26 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 26.

27.    The allegations contained in paragraph 27 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 27.

28.    The allegations contained in paragraph 28 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 28.

## III.    Jurisdiction and Venue

29.    Defendants admit the allegations in paragraph 29.

30.    Defendants admit the allegations in paragraph 30.

31.    Defendants admit the allegations in paragraph 31.

## IV.    Factual Allegations

32.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 32. To the extent an answer is required, Defendants deny the allegations in paragraph 32.

33. The allegations contained in paragraph 33 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 35. To the extent an answer is required, Defendants deny the allegations in paragraph 35.

36. The allegations contained in paragraph 36 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 36.

37. Defendants deny they violated any laws and/or standards referenced in paragraph 37. Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 37. To the extent an answer is required, Defendants deny the allegations in paragraph 37.

38. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 38. To the extent an answer is required, Defendants deny the allegations in paragraph 38.

## V. Relator BakerRipley ("The Agency")

39. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 39. To the extent an answer is required, Defendants deny the allegations in paragraph 39.

40.	Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 40. To the extent an answer is required, Defendants deny the allegations in paragraph 40.

41.	Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 41. To the extent an answer is required, Defendants deny the allegations in paragraph 41.

42.	The allegations contained in paragraph 42 are legal conclusions that require no answer. Defendants also lack sufficient knowledge to admit or deny the allegations in paragraph 42. To the extent an answer is required, Defendants deny the allegations in paragraph 42.

43.	Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 43. To the extent an answer is required, Defendants deny the allegations in paragraph 43.

## VI.	Summary of Darrough's Role in the Conspiracy to Defraud the Federal Government

44.	The allegations contained in paragraph 44 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 44.

45.	The allegations contained in paragraph 45 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 45.

46.     The allegations contained in paragraph 46 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 46.

47.     The allegations contained in paragraph 47 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 47.

48.     The allegations contained in sentence 1 of paragraph 48 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in sentence 1 of paragraph 48. Defendants admit the allegations contained in sentence 2 of paragraph 48. Defendants cannot admit or deny the allegations in sentence 3 of paragraph 48 because no time period is referenced by Plaintiffs. Defendants admit the allegations in sentences 4 and 5 of paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     The allegations contained in paragraph 50 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     The allegations contained in paragraph 52 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 52.

53.     The allegations contained in paragraph 53 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 53.

54.     The allegations contained in paragraph 54 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 54.

55.     The allegations contained in paragraph 55 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 55.

56.     The allegations contained in paragraph 56 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 56.

57.     The allegations contained in paragraph 57 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 57.

## VII.    <u>Specific Instances of False Claims Act Violations by Fueling Brains and Darrough</u>

58.     The allegations contained in paragraph 58 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 58.

59.     The allegations contained in paragraph 59 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 59.

60.     The allegations contained in paragraph 60 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 60.

61.     The allegations contained in paragraph 61 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 61.

62.     The allegations contained in paragraph 62 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 62.

63.     The allegations contained in paragraph 63 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 63.

64.     The allegations contained in paragraph 64 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 64.

65.     The allegations contained in paragraph 65 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 65.

66. The allegations contained in paragraph 66 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 66.

67. The allegations contained in paragraph 67 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 67.

68. The allegations contained in paragraph 68 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 68.

69. The allegations contained in paragraph 69 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 69.

70. The allegations contained in paragraph 70 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 70.

71. The allegations contained in paragraph 71 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 71.

72. The allegations contained in paragraph 72 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 72.

73.    The allegations contained in paragraph 73 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 73.

74.    The allegations contained in paragraph 74 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 74.

75.    The allegations contained in paragraph 75 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 75.

76.    The allegations contained in paragraph 76 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 76.

77.    The allegations contained in paragraph 77 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 77.

78.    The allegations contained in paragraph 78 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 78.

79.    The allegations contained in paragraph 79 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 79.

80.     The allegations contained in paragraph 80 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 80.

81.     The allegations contained in paragraph 81 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 81.

82.     The allegations contained in paragraph 82 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 82.

83.     The allegations contained in paragraph 83 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 83.

84.     The allegations contained in paragraph 84 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 84.

85.     The allegations contained in paragraph 85 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 85.

86.     The allegations contained in paragraph 86 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 86.

87.     The allegations contained in paragraph 87 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 87.

88.     The allegations contained in paragraph 88 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 88.

89.     The allegations contained in paragraph 89 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 89.

90.     The allegations contained in sentences 1 and 2 of paragraph 90 are not directed at Defendants. To the extent an answer is required Defendants deny the allegations in sentences 1 and 2 of paragraph 90. Additionally, as to paragraph 90, sentence 3 contains a legal conclusion that requires no answer. To the extent an answer is required, Defendants deny the allegations in sentence 3 of paragraph 90.

## VII.   Specific Instances of False Claims Act Violations by Darrough and Corrales and/or Sterling Evaluation and Assessment, LLC

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants admit the first part of sentence 1 of paragraph 92 through "…doctoral program…"; deny "…(which focuses on working with advisors in order to complete a dissertation)…"; admit Defendant Darrough and BakerRipley authorized a contract between Defendant Corrales and the Agency, and deny Defendant Corrales was

Defendant Darrough's dissertation advisor during that time. Defendants admit the allegations contained in sentences 2 and 3 of paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. The allegations in paragraph 94 are directed at Defendant Darrough and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 94. Defendant Corrales denies he was employed by Defendant Fueling Brains.

95. Defendants deny the allegations in sentence 1 of paragraph 95 that state "[I]n May 2021 and while Darrough was Corrales' doctoral student and business partner." Defendants admit the remainder of sentence 1 of paragraph 95 starting at "Corrales d/b/a Sterling submitted, to Darrough, two separate…."

96. The allegations in paragraph 96 are directed at Defendant Darrough and thus no answer is required. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 96. To the extent an answer is required, Defendants deny the allegations in paragraph 96.

97. Defendants admit the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. The allegations in paragraph 99 are directed at Defendant Darrough and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100. The contractor services agreement was signed by Defendant Corrales on July 22, 2021, but was not signed by Relator until July 26, 2021. The effective date of the agreement was August 1, 2021.

101. As noted, Defendants admit the allegations in paragraph 101. The contract speaks for itself.

102. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 102. To the extent an answer is required, Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 107. To the extent an answer is required, Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 109. To the extent an answer is required, Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112.     Defendants deny the allegations contained in paragraph 112.

113.     Some of the allegations in paragraph 113 are directed at Defendant Darrough and thus no answer is required. To the extent an answer is required, Defendants deny the allegations directed at Defendant Darrough in paragraph 113. To the extent that the allegations in paragraph 113 are directed at Defendants, Defendants deny those allegations.

114.     Some of the allegations in paragraph 114 are directed at Defendant Darrough and thus no answer is required. To the extent an answer is required, Defendants deny the allegations directed at Defendant Darrough in paragraph 114. To the extent that the allegations in paragraph 114 are directed at Defendants, Defendants deny those allegations.

115.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 115. To the extent an answer is required, Defendants deny the allegations in paragraph 115.

116.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 116. To the extent an answer is required, Defendants deny the allegations in paragraph 116.

117.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 117. To the extent an answer is required, Defendants deny the allegations in paragraph 117.

118.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 118. To the extent an answer is required, Defendants deny the allegations in paragraph 118.

119.     Defendants deny the allegations in paragraph 119.

## IX.     Specific Instances of False Claims Act Violations by Michelle Peters ("Peters") and MNA Evaluation & Assessment, LLC

120.     The allegations contained in paragraph 120 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 120.

121.     The allegations contained in paragraph 121 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 121.

122.     The allegations contained in paragraph 122 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 122.

123.     The allegations contained in paragraph 123 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 123.

124.     The allegations contained in paragraph 124 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 124.

125.     The allegations contained in paragraph 125 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 125.

126. The allegations contained in paragraph 126 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 126.

127. The allegations contained in paragraph 127 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 127.

128. The allegations contained in paragraph 128 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 128.

129. The allegations contained in paragraph 129 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 129.

130. The allegations contained in paragraph 130 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 130.

131. The allegations contained in paragraph 131 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 131.

132. The allegations contained in paragraph 132 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 132.

133. The allegations contained in paragraph 133 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 133.

134. The allegations contained in paragraph 134 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 134.

135. The allegations contained in paragraph 135 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 135.

136. The allegations contained in paragraph 136 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 136.

137. The allegations contained in paragraph 137 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 137.

138. The allegations contained in paragraph 138 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 138.

139. The allegations contained in paragraph 139 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 139.

140. The allegations contained in paragraph 140 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 140.

141. The allegations contained in sentence 1 of paragraph 141 is a legal conclusion that requires no answer. The allegations in 141 are not directed at Defendants. To the extent an answer is required, Defendants deny the allegations in paragraph 141.

## X. More Evidence of Darrough's Collusion

142. The allegations contained in paragraph 142 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 142.

143. The allegations contained in sentence 1 of paragraph 143 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 143. Defendants admit the allegations in sentence 2 of paragraph 143 with the exception that these were "marketing materials." Defendants deny the allegation in sentence 3 of paragraph 143 stating "Darrough coordinated with Corrales…." The remainder of the allegations in sentence 3 of paragraph 143 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the remainder of the allegations in sentence 3 of paragraph 143.

144. Defendants admit sentence 1 of paragraph 144. The allegations contained in sentence 2 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in sentence 2 of Paragraph 144.

145.    The allegations contained in paragraph 145 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 145.

146.    The allegations contained in paragraph 146 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 146.

147.    The allegations contained in paragraph 147 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 147.

148.    The allegations contained in paragraph 148 not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 148.

149.    The allegations contained in paragraph 149 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 149.

150.    The allegations contained in paragraph 150 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 150.

151.    Defendants admit sentence 1 of paragraph 151. The allegations contained in sentence 2 of paragraph 151 are not directed at Defendants and thus no answer is required.

To the extent an answer is required, Defendants deny the allegations in sentence 2 of Paragraph 151.

152. The allegations contained in paragraph 152 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 152.

153. The allegations contained in paragraph 153 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 153.

154. The allegations contained in paragraph 154 are not directed at Defendants and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 154.

## XI. The Scheme to Defraud the Federal Government Extends Beyond the Agency

155. The allegations in paragraph 155 are legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 155.

156. Defendants deny the allegations in sentence 1 of paragraph 156. Defendants lack sufficient knowledge to either admit or deny the allegations in sentence 2 of paragraph 156. To the extent an answer is required, Defendants deny the allegations in sentence 2 of paragraph 156.

157.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 157. To the extent an answer is required, Defendants deny the allegations in paragraph 157.

158.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 158. To the extent an answer is required, Defendants deny the allegations in paragraph 158.

159.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 159. To the extent an answer is required, Defendants deny the allegations in paragraph 159.

160.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 160. To the extent an answer is required, Defendants deny the allegations in paragraph 160.

161.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 161. To the extent an answer is required, Defendants deny the allegations in paragraph 161.

162.     Defendants deny the allegations in paragraph 162.

163.     Defendants deny the allegations in paragraph 163.

164.     Defendants deny the allegations in paragraph 164.

165.     Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in paragraph 166.

167.     Defendants deny the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 169. To the extent an answer is required, Defendants deny the allegations in paragraph 169.

**First Claim for Relief**

170.     This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 170.

171.     Defendants deny the allegations in paragraph 171.

172.     Defendants deny the allegations in paragraph 172.

173.     Defendants deny the allegations in paragraph 173.

174.     Defendants deny the allegations in paragraph 174.

**Second Claim for Relief**

175.     This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 175.

176.     Defendants deny the allegations in paragraph 176.

177.     Defendants deny the allegations in paragraph 177.

178.     Defendants deny the allegations in paragraph 178.

179.     Defendants deny the allegations in paragraph 179.

180.     Defendants deny the allegations in paragraph 180.

**Third Claim for Relief**

181. On July 25, 2024, the Court issued an order dismissing Relator's third claim for relief: Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)) from Relator's Second Amended Complaint, [Dkt No. 55], thus no answer is required for paragraph 181.

182. On July 25, 2024, the Court issued an order dismissing Relator's third claim for relief: Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)) from Relator's Second Amended Complaint, [Dkt No. 55], thus no answer is required for paragraph 182.

183. On July 25, 2024, the Court issued an order dismissing Relator's third claim for relief: Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)) from Relator's Second Amended Complaint, [Dkt No. 55], thus no answer is required for paragraph 183.

184. On July 25, 2024, the Court issued an order dismissing Relator's third claim for relief: Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)) from Relator's Second Amended Complaint, [Dkt No. 55], thus no answer is required for paragraph 184.

**Fourth Claim for Relief**

185. This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 185.

186. Defendants deny the allegations in paragraph 186.

187. Defendants deny the allegations in paragraph 187.

**Fifth Claim for Relief**

188. This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 188.

189.    Defendants deny the allegations in paragraph 189.

190.    Defendants deny the allegations in paragraph 190.

**Sixth Claim for Relief**

191.    This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 191.

192.    Defendants deny the allegations in paragraph 192.

193.    Defendants deny the allegations in paragraph 193.

194.    Defendants deny the allegations in paragraph 194.

**Seventh Claim for Relief**

195.    On July 25, 2024, the Court issued an order dismissing in part Relator's seventh claim for relief: Breach of Covenant of Good Faith and Fair Dealing from Realtor's Second Amended Complaint, [Dkt. No. 55], thus no answer is required for paragraph 195.

196.    On July 25, 2024, the Court issued an order dismissing in part Relator's seventh claim for relief: Breach of Covenant of Good Faith and Fair Dealing from Realtor's Second Amended Complaint, [Dkt. No. 55], thus no answer is required for paragraph 196.

**Eighth Cause of Action**

197.    Defendants lack sufficient knowledge to admit or deny the general allegations in paragraph 197. To the extent an answer is required, Defendants deny the allegations in paragraph 197.

198.    Defendants deny the allegations in paragraph 198.

**Ninth Cause of Action**

199. This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 199.

200. Defendants deny the allegations in paragraph 200.

**Tenth Cause of Action**

201. On July 25, 2024, the Court issued an order dismissing Relator's tenth cause of action: Violation of TTLA, Chapter 134 – Theft from Relator's Second Amended Complaint, [Dkt. No. 55], thus no answer is required for paragraph 201.

202. On July 25, 2024, the Court issued an order dismissing Relator's tenth cause of action: Violation of TTLA, Chapter 134 – Theft from Relator's Second Amended Complaint, [Dkt. No. 55], thus no answer is required for paragraph 202.

**Eleventh Cause of Action**

203. This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 203.

204. Defendants deny the allegations in paragraph 204.

**Twelfth Cause of Action**

205. This is not the type of paragraph that requires an answer. To the extent an answer is required, Defendants deny the allegations in paragraph 205.

206. Defendants deny the allegations in paragraph 206.

207. Defendants lack sufficient knowledge to admit or deny the general allegations in paragraph 207. To the extent an answer is required, Defendants deny the allegations in paragraph 207.

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

208. Subject to and without waiving its defenses, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Corrales Defendants deny all factual allegations contained in the Complaint except those expressly admitted.

### SECOND DEFENSE

209. **Failure to State a Claim**—Relator has failed to state a claim or cause of action against Defendants upon which relief can be granted.

### THIRD DEFENSE

210. **Limitations**—Relator's claims against Defendants are barred by the applicable statute of limitations.

### FOURTH DEFENSE

211. **Waiver**—Relator's claims against Defendants are barred by the doctrine of waiver.

### FIFTH DEFENSE

212. **Third Parties**—Relator's claims against Defendants are barred in that they relate to the acts and omissions of third parties over whom Defendants have no legal responsibility or authority.

## SIXTH DEFENSE

213.    **Causation**—Defendants deny causation. Relator has wholly failed to show that its injuries, if any, were proximately caused by Defendants' acts or omissions so as to establish causation under the applicable law. Defendants are not liable for the acts or omissions of third parties.

## SEVENTH DEFENSE

214.    **Innocent Mistake or Mere Negligence**—To the extent Defendants submitted false claims for payment (which Defendants deny), the Defendants lacked the requisite intent under the FCA's scienter requirement because they did not act knowingly.

## EIGHTH DEFENSE

215.    **Materiality**—To the extent Defendants made false statements supporting their submission of false claims for payment (which Defendants deny), the false statements were not material to the Government's payment decision.

## NINTH DEFENSE

216.    **Failure to Mitigate**—To the extent Relator suffered recoverable damages (which Defendants deny), Relator's damages are barred in whole or in part by its failure to mitigate.

## TENTH DEFENSE

217.    **Limitation on Damages**—Defendants further plead and incorporate herein by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages as provided under law.

## ELEVENTH DEFENSE

218. **Ratification**—Relator's claims are barred, in whole or in part, by ratification.

## TWELFTH DEFENSE

219. **Estoppel**—Relator's claims are barred, in whole or in part, under the doctrine of estoppel.

## THIRTEENTH DEFENSE

220. **Public Disclosure Bar**—Relator's claims are barred, in whole or in part, by the FCA's public disclosure bar.

## FOURTEENTH DEFENSE

221. **Article II Constitutional Violation**—Relator's claims are barred, in whole or in part, because the *qui tam* provision of the FCA violates the Appointments Clause and the Take Care Clause found in Article II of the U.S. Constitution.

## III.   REQUEST FOR RELIEF

209.   FOR THESE REASONS, Defendants, Antonio Corrales and Sterling Evaluation and Assessment, LLC, request that this Court dismiss this suit or render judgment that Relator take nothing, and award all other and further relief, in law or in equity, to which they may be justly entitled.

Respectfully Submitted,

**Mills Shirley L.L.P.**
2200 Market Street, Suite 300
Galveston, TX 77550
Phone:   409.763.2341
Fax:      409.763.2879

By: _____
     Fred D. Raschke
Texas Bar No. 16551450
S.D. Texas Bar No. 7123
fraschke@millsshirley.com
     Andres "Andy" Soto
Texas Bar No. 24071128
S.D. Texas Bar No. 1057789
asoto@millsshirley.com

**Attorneys for Defendants,**
**Antonio Corrales and**
**Sterling Evaluation and Assessment, LLC**

## CERTIFICATE OF SERVICE

By my signature, I hereby certify that a true and correct copy of this document has been served via eFileTexas.gov to all known parties and counsel of record on August 20, 2024.

Fred D. Raschke
Attorney-In-Charge