**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BakerRipley, | ) ) ) | |
| Plaintiffs/Relator, | ) ) | |
| v. | ) ) ) | Case No. 23-cv-1124 |
| Kids U US, Inc. d/b/a Fueling Brains; Cimberli Johnson Darrough; Antonio Corrales; Sterling Evaluation and Assessment, LLC; Michele Peters; and MNA Evaluation and Assessment, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT KIDS U US, INC. d/b/a/ FUELING BRAINS'**
**ANSWER TO PLAINTIFF/RELATOR'S SECOND AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Kids U Us, Inc. d/b/a/ Fueling Brains ("Fueling Brains") respectfully submits the following Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff/Relator BakerRipley's Second Amended Complaint ("Complaint"). Fueling Brains denies any allegations, averments, contentions, or statements in the Complaint not specifically and unequivocally admitted in this Answer. Fueling Brains responds to each of the paragraphs of the Complaint as set forth below:

**ANSWER**

1. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Fueling Brains denies the allegations in Paragraph 3 of the Complaint to the extent they apply to Fueling Brains.

4. Fueling Brains denies the allegations in Paragraph 4 of the Complaint to the extent they apply to Fueling Brains.

5. Fueling Brains admits the allegations in the third sentence of Paragraph 5 of the Complaint to the extent that Fueling Brains offered virtual learning and virtual material kits "to close students' development gaps during the pandemic." Fueling Brains denies the remaining allegations in Paragraph 5 of the Complaint.

6. Fueling Brains denies the allegations in Paragraph 6 of the Complaint to the extent they apply to Fueling Brains.

7. Fueling Brains denies the allegations in the first sentence of Paragraph 7 of the Complaint on the basis that they are vague and ambiguous. Fueling Brains further denies the remaining allegations in Paragraph 7 of the Complaint to the extent that they allege Fueling Brains committed "fraud and wrongdoing." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 7 and therefore denies them.

8. Fueling Brains admits that it is a Canadian, for-profit educational services company and that it provided BakerRipley with curriculum, professional development services, and material kits.. Fueling Brains denies that it received remuneration from Sterling Evaluation and Assessment, LLC. Fueling Brains lacks further knowledge or information sufficient to form a belief about the truth or falsity of the other allegations in the last sentence of Paragraph 8 and therefore denies them.

9. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 9 and therefore denies them. To the extent that the allegations in the fifth and sixth sentences of Paragraph 9 contain information within Fueling Brains knowledge, Fueling Brains denies the allegations.

10. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10 and therefore denies them.

11. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 11 and therefore denies them.

12. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12 and therefore denies them. To the extent that the allegations in the fourth sentence of Paragraph 12 contain information within Fueling Brains knowledge, Fueling Brains denies the allegations.

13. The last sentence in Paragraph 13 of the Complaint alleges legal conclusions or assertions to which no response is required; to the extent a response is required, Fueling Brains denies the allegations in the last sentence of Paragraph 13. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Fueling Brains denies the allegations in Paragraph 16 of the Complaint to the extent they apply to Fueling Brains.

17. Fueling Brains denies the allegations in Paragraph 17 of the Complaint.

18. Fueling Brains denies the allegations in Paragraph 18 of the Complaint.

19. Fueling Brains denies the allegations in the first sentence of Paragraph 19 of the Complaint. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 19 and therefore denies them.

20. Fueling Brains denies the allegations in Paragraph 20 of the Complaint to the extent they apply to Fueling Brains.

21. Paragraph 21 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 22 refers to legal authorities, which speak for themselves. To the extent a response is required, Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 22 and therefore denies them .

23. Paragraph 23 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 23 refers to documents and legal authorities, which speak for themselves. To the extent a response is required, Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 23 and therefore denies them.

24. Paragraph 24 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 24 refers to legal

authorities, which speak for themselves; to the extent a response is required, Fueling Brains admits that the quoted language in Paragraph 24 appears in the cited source.

25. Paragraph 25 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 25 refers to legal authorities, which speak for themselves. To the extent a response is required, Fueling Brains admits that the quoted language in Paragraph 25 appears in the cited source.

26. Paragraph 26 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 26 refers to legal authorities, which speak for themselves; to the extent a response is required, Fueling Brains admits that the quoted language in Paragraph 26 appears in the cited source.

27. Paragraph 27 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 27 refers to legal authorities, which speak for themselves; to the extent a response is required, Fueling Brains admits that the quoted language in Paragraph 27 appears in the cited source.

28. Paragraph 28 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 28 refers to legal authorities, which speak for themselves. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 28.

29. Paragraph 29 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains admits that this Court has jurisdiction over claims brought under the False Claims Act.

30. Paragraph 30 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains admits that this Court may exercise supplemental jurisdiction over state law claims.

31. Paragraph 31 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains admits that venue is proper in this Court.

32. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Fueling Brains admits the allegations in the first sentence of Paragraph 33 of the Complaint to the extent that they describe Fueling Brains as a for-profit company providing early childhood education, including curriculums to "Head Start programs, school districts, charter schools, and Pre-K programs based on 'left brain/right brain research,'" as well as providing virtual learning platforms, professional development, and virtual material kits during the COVID-19 Pandemic. Fueling Brains denies the remaining allegation in Paragraph 33 that it failed to provide a "virtual learning platform or program to the Agency or its Head Start students."

34. To the extent they apply to Fueling Brains, Fueling Brains denies the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 35 of the Complaint.

36. To the extent they apply to Fueling Brains, Fueling Brains denies the allegations in Paragraph 36 of the Complaint.

37. The first, second, and fourth sentences of Paragraph 37 of the Complaint allege legal conclusions or assertions to which no response is required; to the extent a response is required, Fueling Brains denies the allegations in those sentences. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the third sentence of Paragraph 37 and therefore denies them.

38. To the extent they apply to Fueling Brains, Fueling Brains denies the allegations in Paragraph 38 of the Complaint.

39. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 41 of the Complaint and therefore denies them.

42. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 43 of the Complaint and therefore denies them.

44. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45. Fueling Brains denies the allegations in Paragraph 45 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 45 regarding the other Defendants, and therefore denies them for that reason also.

46. Fueling Brains denies that it "colluded" with Darrough to fraudulently contract with BakerRipley, and further denies that it "materially failed to perform under the contracts." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 46 of the Complaint and therefore denies them.

47. Fueling Brains denies that its services "were not contracted for, not provided, and/or double billed." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 47 of the Complaint and therefore denies them.

48. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore denies them.

49. Fueling Brains denies the allegation in Paragraph 49 of the Complaint that Corrales was employed by Fueling Brains. Fueling Brains admits the remaining allegation in Paragraph 49.

50. Fueling Brains denies that its contracts with BakerRipley were "false" and that Fueling Brains received "fraudulent payments . . . for goods and services not provided under the terms of the contracts." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 50 of the Complaint and therefore denies them.

51. Fueling Brains denies the allegations in Paragraph 51 of the Complaint.

52. Fueling Brains denies the allegations in Paragraph 52 of the Complaint.

53. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 53 of the Complaint and therefore denies them. Fueling Brains denies the remaining allegations in Paragraph 53.

54. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 54 of the Complaint and therefore denies them.

55. Fueling Brains denies that the claims it submitted pursuant to its contracts with BakerRipley were "false or fraudulent." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 55 of the Complaint and therefore denies them.

56. Paragraph 56 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations that it defrauded BakerRipley; made fraudulent misrepresentations; and recklessly failed to disclose "the true nature" of Fueling Brains' conduct. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 56 and therefore denies them.

57. Fueling Brains denies the allegations in Paragraph 57 of the Complaint.

58. Fueling Brains denies the allegations in Paragraph 58 of the Complaint.

59. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence in Paragraph 59 of the Complaint, and therefore denies them. Fueling Brains admits the remaining allegations in Paragraph 59, specifically its representation regarding Fueling Brains' educational services capabilities.

60. Fueling Brains admits the allegations in Paragraph 60 of the Complaint.

61. Fueling Brains admits the allegations in Paragraph 61 of the Complaint.

62. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 62 of the Complaint and therefore denies them. Additionally, Fueling Brains denies the allegations in the third sentence of Paragraph 62 to the extent they apply to Fueling Brains.

63. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 63 of the Complaint and therefore denies them. Fueling Brains denies the allegations in the last sentence of Paragraph 63 to the extent they apply to Fueling Brains.

64. Fueling Brains denies the allegations in Paragraph 64 of the Complaint to the extent they apply to Fueling Brains.

65. Fueling Brains denies the allegations in the first sentence of Paragraph 65 of the Complaint. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 65 and therefore denies them.

66. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 66 and therefore denies them.

67. Fueling Brains admits that it submitted an invoice to BakerRipley for $100,000 in December 2020, which represented the first of three installment payments for the Fueling Brains program. Fueling Brains denies the remaining allegations in Paragraph 67 of the Complaint.

68. Fueling Brains admits only that it submitted invoices in January and February of 2021, each for $100,000, for services it provided to BakerRipley. Fueling Brains denies the remaining allegations in Paragraph 68 of the Complaint.

69. Fueling Brains denies the allegations in the third and fourth sentences of Paragraph 69 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 69 and therefore denies them.

70. Fueling Brains admits only that that it proposed to provide student assessments, a customized curriculum, and related resources. Fueling Brains denies the remaining allegations in Paragraph 70 of the Complaint.

71. Fueling Brains denies the allegations in Paragraph 71.

72. Fueling Brains admits the allegations in the first and second sentences in Paragraph 72 of the Complaint to the extent they purport to represent the contents of a document. Fueling Brains denies the remaining allegations in Paragraph 72.

73. Fueling Brains admits that it proposed to provide coaching, training, and professional development related to the Fueling Brains program, but specifically denies that the proposal covered a timeframe ending in December 2021, as alleged in Paragraph 73 of the Complaint. Fueling Brains admits that it provided professional development services during the summer of 2021 for 497 teaching staff, but otherwise denies the remaining allegations in Paragraph 73.

74. Fueling Brains denies the allegations in Paragraph 74 of the Complaint.

75. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 75 and therefore denies them.

76. Fueling Brains admits that it submitted a proposal to provide 120 hours of professional development to approximately 500 teaching staff, for $250,000, as alleged in Paragraph 76. Fueling Brains otherwise denies the allegations in the first and last sentences in

Paragraph 76 of the Complaint, specifically that Fueling Brains failed to provide services to BakerRipley or that Fueling Brains' claim for payment was false.

77. Fueling Brains admits that, in its August 2020 proposal, it agreed to provide assessments and related curriculum during the August 2020 to July 2021 timeframe. Fueling Brains denies the remaining allegations in Paragraph 77, including that the later-ordered educational material kits had already been paid for.

78. Fueling Brains admits that it contracted to provide brain development material kits, which would complement its virtual learning platform; Fueling Brains denies that the materials were "virtual" materials and further denies that the parties agreed on a specific delivery date for shipment or delivery of the materials. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second sentence in Paragraph 78 of the Complaint and therefore denies them. Fueling Brains admits that it received emails related to the timing of material kit delivery, as alleged in sentences three and four of Paragraph 78.

79. Fueling Brains denies the allegations in Paragraph 79 of the Complaint to the extent they allege "continued failures" on Fueling Brains' part to provide services and goods to BakerRipley. Fueling Brains otherwise admits the allegations in Paragraph 79, specifically that the quoted language appeared in an email exchange between Darrough and Fueling Brains.

80. Fueling Brains admits that it delivered material kits to BakerRipley during the Fall of 2021, but denies the remaining allegations in Paragraph 80 of the Complaint.

81. Fueling Brains denies the allegations in Paragraph 81 of the Complaint.

82. Fueling Brains denies the allegations in Paragraph 82 of the Complaint that it materially failed to perform its contractual obligations. Fueling Brains admits the remaining allegations in Paragraph 82 to the extent that they purport to quote a document.

83. Fueling Brains admits that it submitted claims to BakerRipley totaling $800,000, and that BakerRipley paid $550,000 of that total, failing to pay Fueling Brains the full amount Fueling Brains was due. Fueling Brains denies the remaining allegations in Paragraph 83 of the Complaint.

84. Fueling Brains admits specifically the dates and dollar amounts regarding its invoices in Paragraph 84 of the Complaint but denies that those invoices were fraudulent. Fueling Brains admits that BakerRipley failed to pay Fueling Brains for the professional development services that Fueling Brains provided in June 2021. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 84 and denies all allegations not specifically admitted.

85. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 85 and therefore denies them.

86. Fueling Brains denies the allegations in Paragraph 86 of the Complaint.

87. Fueling Brains denies the allegations in Paragraph 87 of the Complaint that it failed to provide services, assessments, virtual learning platforms, and professional development. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 87 and therefore denies all allegations that are not specifically admitted.

88. Fueling Brains denies the allegations in Paragraph 88 of the Complaint.

89. Fueling Brains denies the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 91 of the Complaint and therefore denies them.

92. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 92 of the Complaint and therefore denies them.

93. Fueling Brains denies the allegations in the last sentence of Paragraph 93 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 93 of the Complaint and therefore denies them.

94. Fueling Brains admits that Antonio Corrales received remuneration from Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 94 of the Complaint and therefore denies them.

95. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 95 of the Complaint and therefore denies them.

96. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 96 of the Complaint and therefore denies them.

97. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 97 of the Complaint and therefore denies them.

98. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 98 of the Complaint and therefore denies them.

99. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 99 of the Complaint and therefore denies them.

100. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 100 of the Complaint and therefore denies them.

101. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 101 of the Complaint and therefore denies them.

102. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 102 of the Complaint and therefore denies them.

103. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 103 of the Complaint and therefore denies them.

104. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 104 of the Complaint and therefore denies them.

105. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 105 of the Complaint and therefore denies them.

106. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 106 of the Complaint and therefore denies them.

107. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 107 of the Complaint and therefore denies them.

108. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 108 of the Complaint and therefore denies them.

109. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 109 of the Complaint and therefore denies them.

110. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 110 of the Complaint and therefore denies them.

111. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 111 of the Complaint and therefore denies them.

112. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 112 of the Complaint and therefore denies them.

113. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 113 of the Complaint and therefore denies them.

114. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 114 of the Complaint and therefore denies them.

115. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 115 of the Complaint and therefore denies them.

116. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 116 of the Complaint and therefore denies them.

117. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 117 of the Complaint and therefore denies them.

118. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 118 of the Complaint and therefore denies them.

119. Paragraph 119 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it

lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 119 of the Complaint and therefore denies them.

120. Fueling Brains admits that Michelle Peters previously provided services to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 120 and therefore denies them.

121. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 121 of the Complaint and therefore denies them.

122. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 122 of the Complaint and therefore denies them.

123. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 123 of the Complaint and therefore denies them.

124. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 124 of the Complaint and therefore denies them.

125. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 125 of the Complaint and therefore denies them.

126. Fueling Brains admits that Michelle Peters previously provided services to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 126 and therefore denies them.

127. Fueling Brains admits that Michelle Peters was Director of Research and Assessment for Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 127 and therefore denies them.

128. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 128 of the Complaint and therefore denies them.

129. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 129 of the Complaint and therefore denies them.

130. Fueling Brains admits that Michelle Peters provided services to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 130 of the Complaint and therefore denies them.

131. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 131 of the Complaint and therefore denies them.

132. Paragraph 132 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 132 of the Complaint and therefore denies them.

133. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 133 of the Complaint and therefore denies them.

134. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 134 of the Complaint and therefore denies them.

135. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 135 of the Complaint and therefore denies them.

136. Paragraph 136 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it

lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 136 of the Complaint and therefore denies them.

137. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 137 of the Complaint and therefore denies them.

138. Fueling Brains denies the allegation in the first sentence in Paragraph 138 of the Complaint that it conspired with co-defendants Corrales and Peters. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 138 and therefore denies them.

139. Fueling Brains admits that Peters had a Fueling Brains email address and that Peters' signature block identified her as "Executive Director Research & Evaluation." Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 139 of the Complaint and therefore denies them.

140. Fueling Brains admits that it provided remuneration to Michelle Peters, but otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 140 of the Complaint and therefore denies all allegations not specifically admitted.

141. Paragraph 141 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 141 of the Complaint and therefore denies them.

142. Fueling Brains denies the allegations in Paragraph 142 of the Complaint.

143. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 143 of the Complaint and therefore denies them.

144. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 144 of the Complaint and therefore denies them.

145. Fueling Brains denies the allegations in the second sentence of Paragraph 145 of the Complaint that Corrales received "kickbacks" from Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 145 of the Complaint and therefore denies them.

146. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 146 of the Complaint and therefore denies them.

147. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 147 and therefore denies them.

148. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 148 of the Complaint and therefore denies them.

149. Fueling Brains denies the allegations in the last sentence in Paragraph 149 of the Complaint. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 149 and therefore denies them.

150. Fueling Brains denies the allegations in Paragraph 150 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 150 and therefore denies them.

151. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 151 and therefore denies them.

152. Fueling Brains denies the allegations in Paragraph 152 of the Complaint.

153. Fueling Brains denies the allegations in the third sentence in Paragraph 153 of the Complaint that it failed to provide contracted goods and services to BakerRipley. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 153 and therefore denies them.

154. Fueling Brains denies the allegations in Paragraph 154 to the extent they apply to Fueling Brains. Fueling Brains otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 154 and therefore denies them.

155. Paragraph 155 of the Complaint contains legal conclusions or assertions to which no response is required. Fueling Brains further states that Paragraph 155 refers to legal authorities, which speak for themselves. To the extent a response is required, Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity the allegations in Paragraph 155 and therefore denies them.

156. Fueling Brains denies the allegations in Paragraph 156 of the Complaint.

157. Fueling Brains denies the allegations in the second and third sentences in Paragraph 157, to the extent they apply to Fueling Brains, on the basis that they are vague and ambiguous. Likewise, the allegations in the last sentence in Paragraph 157 of the Complaint are too vague and ambiguous for Fueling Brains to form a belief about their truth or falsity, and Fueling Brains therefore denies them. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 157 and therefore denies them.

158. Fueling Brains denies the allegations in Paragraph 158 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains further denies the allegations on the basis that they are vague, ambiguous, and speculative.

159. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 159 of the Complaint and therefore denies them.

160. Fueling Brains denies that Corrales is employed by Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 160 of the Complaint and therefore denies them.

161. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 161 of the Complaint and therefore denies them.

162. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 162 of the Complaint and therefore denies them. To the extent the allegations apply to Fueling Brains, Fueling Brains further denies the allegations on the basis that they are vague, ambiguous, and speculative.

163. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 163 of the Complaint and therefore denies them. To the extent the allegations apply to Fueling Brains, Fueling Brains further denies the allegations on the basis that they are vague, ambiguous, and speculative.

164. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 164 of the Complaint and therefore denies them.

165. Paragraph 165 contains legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains responds that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 165 of the Complaint and therefore denies them.

166. Fueling Brains denies the allegations in the first sentence in Paragraph 166 of the Complaint on the basis that they are vague and ambiguous. Fueling Brains denies the

allegations in the second sentence of Paragraph 166. Fueling Brains further states that the fifth sentence in Paragraph 166 of the Complaint contains legal conclusions or assertions to which no response is required; to the extent a response is required, Fueling Brains denies the allegations in the fifth sentence. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 166 of the Complaint and therefore denies them.

167. Fueling Brains denies the allegations in the first and second sentences in Paragraph 167 of the Complaint. Fueling Brains further states that the remaining sentences in Paragraph 167 of the Complaint contain legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in the remaining sentences.

168. Fueling Brains denies the allegations in the first sentence in Paragraph 168 of the Complaint to the extent they apply to Fueling Brains. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 168 and therefore denies them.

169. Fueling Brains lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence in Paragraph 169 of the Complaint and therefore denies them. Fueling Brains further denies the remaining allegations in Paragraph 169.

170. Fueling Brains repeats and incorporate its answers to Paragraphs 1-169 as if set forth in full.

171. Paragraph 171 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 172 of the Complaint.

173. Paragraph 173 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 173 of the Complaint.

174. Paragraph 174 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 174 of the Complaint.

175. Fueling Brains repeats and incorporate its answers to Paragraphs 1-174 as if set forth in full.

176. Paragraph 176 of the Complaint alleges legal conclusions or assertions to which no response is required; to the extent response is required, Fueling Brains denies the allegations in Paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint alleges legal conclusions or assertions to which no response is required; to the extent response is required, Fueling Brains denies the allegations in Paragraph 177 of the Complaint.

178. Paragraph 178 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 178 of the Complaint.

179. Paragraph 179 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 179 of the Complaint.

180. Paragraph 180 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 180 of the Complaint.

181. Fueling Brains repeats and incorporate its answers to Paragraphs 1-180 as if set forth in full.

182. Paragraph 182 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required,, Fueling Brains denies the allegations in Paragraph 182 of the Complaint.

183. Paragraph 183 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 183 of the Complaint.

184. Paragraph 184 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 184 of the Complaint.

185. Fueling Brains repeats and incorporate its answers to Paragraphs 1-184 as if set forth in full.

186. Paragraph 186 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 186 of the Complaint.

187. Paragraph 187 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 187 of the Complaint.

188. Fueling Brains repeats and incorporate its answers to Paragraphs 1-188 as if set forth in full.

189. Paragraph 189 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 189 of the Complaint.

190. Paragraph 190 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 190 of the Complaint.

191. Fueling Brains repeats and incorporate its answers to Paragraphs 1-190 as if set forth in full.

192. Paragraph 192 of the Complaint alleges legal conclusions or assertions to which no response is required; to the extent response is required, Fueling Brains denies the allegations in Paragraph 192 of the Complaint.

193. Paragraph 193 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 193 of the Complaint.

194. Paragraph 194 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 194 of the Complaint.

195. Fueling Brains repeats and incorporate its answers to Paragraphs 1-194 as if set forth in full.

196. Paragraph 196 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 196 of the Complaint.

197. Fueling Brains repeats and incorporate its answers to Paragraphs 1-196 as if set forth in full.

198. Paragraph 198 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 198 of the Complaint.

199. Fueling Brains repeats and incorporate its answers to Paragraphs 1-198 as if set forth in full.

200. Paragraph 200 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 200 of the Complaint.

201. Fueling Brains repeats and incorporate its answers to Paragraphs 1-200 as if set forth in full.

202. Paragraph 202 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 202 of the Complaint.

203. Fueling Brains repeats and incorporate its answers to Paragraphs 1-202 as if set forth in full.

204. Paragraph 204 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 204 of the Complaint.

205. Fueling Brains repeats and incorporate its answers to Paragraphs 1-204 as if set forth in full.

206. Paragraph 206 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 206 of the Complaint.

207. Paragraph 207 of the Complaint alleges legal conclusions or assertions to which no response is required. To the extent a response is required, Fueling Brains denies the allegations in Paragraph 207 of the Complaint.

## **AFFIRMATIVE DEFENSES**

As to affirmative defenses to the Plaintiff's Complaint, Fueling Brains does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following affirmative defenses are based on Fueling Brains' knowledge, information, and belief at this time, and Fueling Brains specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Fueling Brains reserves the right to assert other defenses as information is gathered through discovery and investigation.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and fails to plead its allegations with particularity.

2. The prayer for relief seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

3. The False Claims Act's *qui tam* provisions are unconstitutional under Article II of the United States Constitution.

4. At all relevant times, Fueling Brains' actions were lawful and conducted in accordance with all federal, state, and local laws and regulations. Fueling Brains invokes the defenses, protections, and limitations of the False Claims Act.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6. Fueling Brains is not legally responsible for acts or omissions allegedly undertaken by employees, subcontractors, and agents, and others to the extent that those acts or omissions were undertaken outside the scope of employment or authority, as criminal acts, in violation of legal obligations arising from applicable contracts, in secret, and/or without the knowledge of persons have legally sufficient levels of responsibility or authority within Fueling Brains.

7. Plaintiff's common law claims are barred, or their recovery should otherwise be offset by, the after-acquired evidence doctrine.

8. For Plaintiff's common law claims, to the extent any injuries or losses allegedly suffered by Plaintiff were caused by Plaintiff itself, including its employees, subcontractors, and agents, Fueling Brains asserts such a defense.

9. Plaintiff's common law claims are barred, in whole or in part, because Plaintiff has suffered no damages. Alternatively, Plaintiff has failed to mitigate its damages, if any.

10. Plaintiff's common law claims are barred, in whole or in part, because Plaintiff's alleged damages were not proximately caused by any act or omission of Fueling Brains.

11. Plaintiff's claims for damages or other monetary recovery must be offset and reduced by the value received and by the value of any recovery received from other parties to this action or third parties.

12. Plaintiff's common law claims are barred, in whole or in part, by laches, waiver, estoppel, and/or unclean hands.

13. Plaintiff fails to state any basis on which punitive damages are recoverable against Fueling Brains. Plaintiff's claim for punitive damages is barred on constitutional grounds, because Fueling Brains did not act with malice or ill will or reckless or wanton indifference to Plaintiff's rights, but rather made reasonable, good faith efforts to comply with applicable law.

14. Plaintiff's claims seeking equitable relief are barred because Plaintiff has an adequate remedy at law.

15. Plaintiff's claims are barred to the extent that they have been tainted by attorney-client privilege or confidential information.

16. Fueling Brains hereby gives notice that it may rely upon other applicable affirmative defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## COUNTERCLAIMS

BakerRipley's Complaint in this action seeks to transform its own violations of law into a series of unfounded claims against Kids U Us, Inc. d/b/a Fueling Brains ("Fueling Brains"). BakerRipley – not Fueling Brains – failed to comply with the parties' agreements. BakerRipley entered into two separate agreements with Fueling Brains for $250,000 each (one for professional development services for educators, and the other for specialized educational material kits).

BakerRipley received the benefits of each contract but paid Fueling Brains for only one of the agreements. Accordingly, Fueling Brains respectfully submits the following Counterclaims against BakerRipley:

Fueling Brains Provided A Successful Educational Program
To BakerRipley During the 2020-2021 School Year

1.  Fueling Brains provides an innovative early childhood educational curriculum, along with supporting services and materials. Fueling Brains implements a research-led approach to help educators cater their classroom services to the specific developmental needs of each child, assessing the child's individual needs, and unlocking that child's potential.

2.  Upon information and belief, BakerRipley manages early childhood community schools in the Houston, TX area, serving young students up through age five.

3.  During the 2020-2021 school year, Fueling Brains and BakerRipley entered into a contract, under which Fueling Brains would provide services to BakerRipley's students (estimated to be up to 3,000 students), with a program cost of $300,000. Fueling Brains conducted assessments of BakerRipley's students and provided to BakerRipley extensive reports following these assessments. BakerRipley paid for the services that Fueling Brains provided in three installments of $100,000.

4.  Fueling Brains' program was a success for BakerRipley and its students. BakerRipley later praised Fueling Brains' work, noting that the Fueling Brains assessments, curriculum, and staff resources had directly aligned with state-approved curriculum and helped BakerRipley close the achievement gaps from the pandemic.

5.  This initial performed – and paid for – contract related to educational services during the 2020-2021 school year is not the subject of Fueling Brains' Counterclaims.

## Fueling Brains And BakerRipley Entered Into Two Additional Contracts
## For Professional Development and Material Kits

6. After the successful implementation of the Fueling Brains program during the 2020-2021 school year, Fueling Brains and BakerRipley entered into two additional agreements.

7. On March 24, 2021, Fueling Brains and BakerRipley entered into a contract for Fueling Brains to provide professional development training for $250,000. Fueling Brains would provide professional development trainings to BakerRipley's educational community. The trainings were to be provided via Zoom in June 2021 and would be made available for teachers, instructional assistants, center directors, and parents.

8. The intent was for these virtual sessions to serve approximately 500 participants. All in, Fueling Brains agreed to provide a total of 120 professional development hours (six hours each day for each working day during June 2021), consisting of 120 hours of time from Fueling Brains. Fueling Brains would offer each portion of its training content multiple times, to small groups of BakerRipley staff via Zoom, such that each BakerRipley staff member could attend each training module. The specific times and dates were to be agreed upon between Fueling Brains and BakerRipley.

9. On March 24, 2021, Fueling Brains also contracted to provide BakerRipley with educational material kits with different left brain and right brain activities. Fueling Brains agreed to provide material kits for 2,500 students for which BakerRipley agreed to pay $250,000, inclusive of set-up fees and shipping. The parties did not specify a date by which the kits would be shipped or delivered.

<u>Fueling Brains Performed its Obligations Under the Professional Development
Contract</u>

10. In April 2021, Fueling Brains began planning professional development training sessions in collaboration with BakerRipley. As these discussions progressed, BakerRipley requested a shift from the initially planned small group Zoom sessions to self-paced, asynchronous training modules. This change was driven by the need to accommodate different staff schedules, availability, and the ongoing challenges posed by COVID-19. On May 27, 2021, BakerRipley formally informed Fueling Brains of this preference.

11. Although this was a significant change to their original agreement, Fueling Brains accommodated the request and provided the necessary modules. To meet this new demand, Fueling Brains had to quickly engage Learning Management System ("LMS") creators, content developers, and establish workflows to deploy the modules by June 2021. Additionally, Fueling Brains invested in the required LMS software and subscriptions to support this transition, without charging any additional costs to BakerRipley for this change.

12. On June 1, 2021 Fueling Brains sent BakerRipley a link for staff to access the initial training session module. Throughout June, Fueling Brains delivered various professional development training modules which BakerRipley's staff was able to access and complete. Fueling Brains provided a total of eleven different professional development modules for approximately 500 different educators. Together, the modules took each individual educator approximately 15 hours to complete. Fueling Brains provided certificates for the course completion for each participant equivalent to 18 Continuing Professional Education credits.

13. Some BakerRipley staff failed to timely access the professional development courses that Fueling Brains made available to them. At BakerRipley's request, Fueling Brains agreed to extend BakerRipley's access to the modules at no additional cost in order to give BakerRipley's staff additional time to complete the courses. The professional development courses remained open to BakerRipley's teachers and staff until September 10, 2021.

14. Fueling Brains conducted a pre- and post-survey on the contracted professional development. Fueling Brains created a post-survey report where results indicated that teachers felt confident (95%) in the Fueling Brains methodology and application.

15. Fueling Brains' satisfied its obligations under the professional development services contract.

### Fueling Brains Performed its Obligations Under the Material Kits Contract

16. In June 2021, Fueling Brains ordered educational materials from a third-party vendor that was manufacturing Fueling Brains' specialized educational materials for the Fueling Brains curriculum. At this time, BakerRipley and Fueling Brains had not set a delivery date for the materials.

17. During the Summer and Fall of 2021, many companies faced unexpected delays in material production and shipping due to the impact of the Covid-19 pandemic on global supply chains. Fueling Brains' vendor for educational material kits was among those impacted by supply-chain interruptions.

18. In August 2021, a Fueling Brains employee advised BakerRipley that production of the material kits had been "backed up" but Fueling Brains was working to make arrangements for the products to be delivered.

19. Fueling Brains ultimately delivered all of the material kits by the end of October 2021 and in doing so, satisfied its obligations under the material kits agreement. Fueling Brains explained to BakerRipley that the pandemic had caused delays in the receipt.

20. At no time did BakerRipley seek to cancel its material kits order. Nor did BakerRipley seek to modify its contract with Fueling Brains.

21. BakerRipley accepted the material kits when they were delivered. BakerRipley kept the materials and, on information and belief, used the educational materials in their classrooms.

22. BakerRipley never returned the educational materials to Fueling Brains, never requested a credit based on delivery dates, and never notified Fueling Brains of any defect with the materials.

23. In short, BakerRipley received and retained $250,000 worth of educational materials.

<u>BakerRipley Did Not Pay For The Services And Materials It Received</u>

24. Fueling Brains provided the professional development services and delivered the material kits, but it received a total payment of only $250,000, half of what it was owed. On or around June 7, 2021, BakerRipley paid Fueling Brains $250,000. BakerRipley did not indicate whether the payment was intended to be for professional development services, material kits, or some combination of the two.

25. On May 18, 2022, Fueling Brains contacted BakerRipley regarding its outstanding balance of $250,000 and demanded prompt payment. More specifically, Fueling Brains restated the parties' agreement that Fueling Brains would (1) provide a total of 120 hours of professional development for 500 staff members for $250,000, and (2) provide material kits for approximately 2,500 students for $250,000.

26. BakerRipley did not pay the outstanding balance.

27. Instead, on June 13, 2022, BakerRipley notified Fueling Brains that it intended to "terminate the Agreement with Fueling Brains for the services of professional development and curriculum," citing the invoice for professional development services as now "terminated," even though those services had already been provided.

28. To this date, BakerRipley has not paid the outstanding $250,000 balance even though it received both the professional development services and the material kits.

## COUNT ONE: BREACH OF CONTRACT

29. Each and every allegation contained in the preceding Paragraphs 1-28 is repeated, realleged, and reasserted as if fully set forth herein.

30. BakerRipley and Fueling Brains entered into two separate contracts for $250,000 each: one contract to provide professional development services and the other to provide educational material kits.

31. Fueling Brains upheld its end of the bargain. In June 2021, and until September 2021, Fueling Brains provided professional development services for 500 BakerRipley staff members.

32. In September and October 2021, Fueling Brains delivered material kits with educational materials for 2,500 students. BakerRipley accepted and retained the material kits.

33. Even though Fueling Brains performed both contracts, BakerRipley paid for only one.

34. Now, three years later, BakerRipley still owes Fueling Brains $250,000 for the goods and services Fueling Brains provided.

## COUNT TWO: THEFT OF SERVICES

35. Each and every allegation contained in the preceding Paragraphs 1-34 is repeated, realleged, and reasserted as if fully set forth herein.

36. The Texas Theft Liability Act makes civilly liable any person who unlawfully appropriates property or unlawfully obtains services, as described by the Texas Penal Code. The Texas Penal Code criminalizes the theft of services.

37. BakerRipley agreed to provide payment for Fueling Brains' provision of professional development services during June 2021. Fueling Brains provided these services, giving virtual instruction to 500 BakerRipley staff.

38. At BakerRipley's request, the professional development instruction was provided asynchronously through self-paced modules. Additionally, in order to allow BakerRipley staff who had neglected to complete the modules additional time to do so, Fueling Brains allowed BakerRipley to access the professional development modules through until September 2021 – months later than initially agreed-upon, for no extra charge.

39. In May 2022, Fueling Brains contacted BakerRipley and demanded $250,000 in payment.

40. Rather than paying for what it had already received, BakerRipley sent a notice purporting to "terminate" the contract for already-provided professional development services.

41. BakerRipley still has not paid Fueling Brains for the materials and services Fueling Brains provided.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, having fully complained of BakerRipley through assertion of the above causes of action and Counterclaims, Fueling Brains prays for judgment against BakerRipley with the following particular relief:

(a) That BakerRipley's Complaint be dismissed with prejudice;

(b) That Fueling Brains be provided a jury trial on its Counterclaims against BakerRipley;

(c) That Fueling Brains be awarded actual, compensatory, and consequential damages arising from its Counterclaims against BakerRipley;

(d) That Fueling Brains be awarded its attorneys' fees and costs;

(e) That Fueling Brains be awarded prejudgment and post-judgment interest; and

(f) That Fueling Brains be awarded such other and further relief as the Court deems just and proper.

Dated:  August 22, 2024                          Respectfully Submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

 /s/ Allissa Pollard
Allissa Pollard
SD Tex. Bar No. 982820
Texas Bar No. 24065915
700 Louisiana St., Suite 4000
Houston, TX 77002
Tel.: (713) 576-2400
Fax: (713) 576-2499
Allissa.Pollard@arnoldporter.com

Randy Miller (*pro hac vice*)
Colorado Bar No. 33694
1144 Fifteenth St., Suite 3100
Denver, CO 80202
Tel.: (303) 863-1000
Fax: (303) 863-2301
Randy.Miller@arnoldporter.com

Christian Sheehan (*pro hac vice*)
District of Columbia Bar No. 1045233
Megan Pieper (*pro hac vice*)
District of Columbia Bar No. 1644966
601 Massachusetts Ave, NW
Washington, DC 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
Christian.Sheehan@arnoldporter.com
Megan.Pieper@arnoldporter.com

**ATTORNEYS FOR DEFENDANT KIDS U US, INC. D/B/A/ FUELING BRAINS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2024, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

Respectfully Submitted,

*/s/ Allissa Pollard*
Allissa Pollard