# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | § | |
| **BakerRipley,** | § | |
| | § | |
| *Plaintiffs/Relator,* | § | |
| | § | |
| **v.** | § | **Case No. 23-cv-1124** |
| | § | |
| **Kids U US, Inc. d/b/a Fueling Brains;** | § | |
| **Cimberli Johnson Darrough;** | § | |
| **Antonio Corrales;** | § | |
| **Sterling Evaluation and Assessment, LLC;** | § | |
| **Michele Peters; and** | § | |
| **MNA Evaluation and Assessment, LLC** | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANTS MICHELLE PETERS AND MNA EVALUATION AND ASSESSMENT, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants, Michelle Peters and MNA Evaluation and Assessment, LLC (collectively, "Defendants"), file this Answer to the Second Amended Complaint (Dkt. 22 in Case No. 23-cv-1124 or "SAC") filed by Plaintiff/Relator, BakerRipley ("Plaintiff/Relator").

## A. ORIGINAL ANSWER

### I. THE PARTIES & OVERVIEW OF FALSE CLAIMS

1.  Defendants deny the United States of America is a plaintiff. Defendants admit all other allegations in paragraph 1.

2.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the SAC and, on that basis, deny all such allegations.

3.   As they relate to Peters/MNA, Defendants deny the allegations in the first sentence of paragraph 3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3 of the SAC and, on that basis, deny such allegations.

4.   As they relate to Peters/MNA, Defendants deny all allegations in paragraph 4 of the SAC.

5.   As they relate to Peters/MNA, Defendants admit Defendant Peters served on Defendant Darrough's dissertation committee. Defendants deny the remaining allegations in sentence one in paragraph 5 of the SAC, and affirmatively state Plaintiff/Relator was aware of the referenced relationship. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 5 of the SAC and, on that basis, deny such allegations. Defendants deny the allegations in the third and final sentence of paragraph 5 of the SAC.

6.   As they relate to Peters/MNA, Defendants deny all allegations in paragraph 6 of the SAC.

7.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the SAC and, on that basis, deny such allegations.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the SAC and, on that basis, deny such allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in first and second sentences of paragraph 9 of the SAC and, on that basis, deny such allegations. Defendants admit Darrough was a doctoral student at University of Houston-Clear Lake, but deny all other allegations in sentence three of paragraph 9 of the SAC. Defendants admit Defendant Peters and Defendant Corrales are professors at University of Houston-Clear Lake and served on Defendant Darrough's dissertation committee. Defendants deny Defendant Peters was ever employed by Fueling Brains. As they relate to Peters/MNA, Defendants deny the remaining allegations in paragraph 9 of the SAC.

10. Defendants admit Defendant Corrales is a professor at University of Houston-Clear Lake. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the SAC and, on that basis, deny such allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the SAC and, on that basis, deny such allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the SAC and, on that basis, deny such allegations.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the SAC and, on that basis, deny such allegations.

14.     Defendants admit the allegations in sentence one and two of paragraph 14 of the SAC. Defendants admit Defendant Peters served on Defendant Darrough's dissertation committee, but Defendants deny all other allegations in sentence three of paragraph 14 of the SAC, and affirmatively state Plaintiff/Relator knew of the referenced relationship. Defendants admit Defendant Peters contracted with Plaintiff/Relator to evaluate and assess the Fueling Brains educational program. Defendants deny the contract stated an "independent" evaluation, and affirmatively state Plaintiff/Relator failed to provide the necessary materials to allow performance under the contract. Defendants deny the allegations in sentence five of paragraph 14 of the SAC.

15.     Defendants admit the allegations in sentence one, two and three of paragraph 15 of the SAC. Defendants deny the remaining allegations in paragraph 15 of the SAC.

16.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 16 of the SAC.

17.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 17 of the SAC.

18.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 18 of the SAC.

19.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 19 of the SAC.

20.     As they relate to Peters/MNA, Defendants admit Plaintiff/Relator has made a demand for money. Defendants deny all other allegations in sentence one, two and three in paragraph 20 of the SAC. Defendants admit Plaintiff/Relator filed this suit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence four in paragraph 20 of the SAC and, on that basis, deny such allegations.

21.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 21 of the SAC.

## I.     EARLY HEAD START/HEAD START PROGRAM BACKGROUND

22.     Defendants admit the allegations in paragraph 22 of the SAC.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC and, on that basis, deny such allegations.

## II.     THE FALSE CLAIMS ACT ("FCA") BACKGROUND

24.      Allegations contained in paragraph 24 are statements of law and no response is required of Defendants.

25.     Allegations contained in paragraph 25 are statements of law and no response is required of Defendants.

26.     Allegations contained in paragraph 26 are statements of law and no response is required of Defendants.

27.     Allegations contained in paragraph 27 are statements of law and no response is required of Defendants.

28.     Allegations contained in paragraph 28 are statements of law and no response is required of Defendants.

### III.     JURISDICTION AND VENUE

29.     Allegations contained in paragraph 29 are statements of law and no response is required of Defendants.

30.     Allegations contained in paragraph 30 are statements of law and no response is required of Defendants.

31.     Allegations contained in paragraph 31 are statements of law and no response is required of Defendants.

### IV.     FACTUAL ALLEGATIONS

32.     Defendants deny the allegations made in paragraph 32 of the SAC.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the SAC and, on that basis, deny such allegations.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SAC and, on that basis, deny such allegations. To the extent these allegations apply to Peters/MNA, Defendants deny the allegations.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the SAC and, on that basis, deny such allegations. To the extent these allegations apply to Peters/MNA, Defendants deny the allegations.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the SAC and, on that basis, deny such allegations. To the extent these allegations apply to Peters/MNA, Defendants deny the allegations.

37. Allegations contained in sentence one and two in paragraph 37 are statements of law and no response is required of Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence three in paragraph 37 of the SAC and, on that basis, deny such allegations. As they relate to Peters/MNA, Defendants deny the remaining allegations in paragraph 37.

38. As they relate to Peters/MNA, Defendants deny the allegations in paragraph 38 of the SAC.

## V.    RELATOR BAKERRIPLEY ("THE AGENCY")

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the SAC and, on that basis, deny such allegations.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the SAC and, on that basis, deny such allegations.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the SAC and, on that basis, deny such allegations.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one in paragraph 42 of the SAC and, on that basis, deny such allegations. The remaining allegations are statements of law and no response is required of Defendants.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the SAC and, on that basis, deny such allegations.

## VI.     SUMMARY OF DARROUGH'S ROLE IN THE CONSPIRACY TO DEFRAUD THE FEDERAL GOVERNMENT

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the SAC and, on that basis, deny such allegations.

45.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 45 of the SAC.

46.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 46 of the SAC.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the SAC and, on that basis, deny such allegations.

48.     Defendants admit Defendant Darrough was a doctoral student at University of Houston-Clear Lake. Defendants admit Defendant Peters and Defendant Corrales served on Defendant Darrough's dissertation committee. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegation, "required approval," as this phrase is undefined and, on that basis, deny such allegation. Defendants admit Defendant Corrales is the Doctoral Program Director and Associate Professor of Educational Leadership at University of Houston-Clear Lake, and Defendant Corrales served as Defendant Darrough's dissertation committee chairperson at one time, but not at all times. Defendants admit the allegations in sentence four in paragraph 48 of the SAC. Defendants admit Defendant Peters was Defendant Darrough's dissertation quantitative advisor. Defendants deny all other allegations in paragraph 48.

49.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 49.

50.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 50 of the SAC.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the SAC and, on that basis, deny such allegations.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the SAC and, on that basis, deny such allegations. As they relate to Peters/MNA, Defendants deny the allegations in paragraph 52 of the SAC.

53.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 53 of the SAC.

54.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 54 of the SAC.

55.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 55 of the SAC.

56.    As they relate to Peters/MNA, Defendants deny the allegations in sentence two and three in paragraph 56 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one or four in paragraph 56 of the SAC and, on that basis, deny such allegations.

57.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 57 of the SAC.

## VII.    SPECIFIC INSTANCES OF FALSE CLAIMS ACT VIOLATIONS BY FUELING BRAINS AND DARROUGH

58.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 58 of the SAC.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the SAC and, on that basis, deny such allegations.

60.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the SAC and, on that basis, deny such allegations.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the SAC and, on that basis, deny such allegations.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the SAC and, on that basis, deny such allegations.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the SAC and, on that basis, deny such allegations.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the SAC and, on that basis, deny such allegations.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the SAC and, on that basis, deny such allegations.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the SAC and, on that basis, deny such allegations.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the SAC and, on that basis, deny such allegations.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the SAC and, on that basis, deny such allegations.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the SAC and, on that basis, deny such allegations.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the SAC and, on that basis, deny such allegations.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the SAC and, on that basis, deny such allegations.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the SAC and, on that basis, deny such allegations.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the SAC and, on that basis, deny such allegations.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the SAC and, on that basis, deny such allegations.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the SAC and, on that basis, deny such allegations.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the SAC and, on that basis, deny such allegations.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the SAC and, on that basis, deny such allegations.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the SAC and, on that basis, deny such allegations.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the SAC and, on that basis, deny such allegations.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the SAC and, on that basis, deny such allegations.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the SAC and, on that basis, deny such allegations.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the SAC and, on that basis, deny such allegations.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the SAC and, on that basis, deny such allegations. To the extent the allegations relate to Peters/MNA, Defendants deny the allegations in paragraph 83 of the SAC.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the SAC and, on that basis, deny such allegations.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the SAC and, on that basis, deny such allegations.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the SAC and, on that basis, deny such allegations.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the SAC and, on that basis, deny such allegations.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the SAC and, on that basis, deny such

allegations. To the extent the allegations relate to Peters/MNA, Defendants deny the allegations in paragraph 88.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the SAC and, on that basis, deny such allegations.

90.     As they relate to Peters/MNA, Defendants deny the allegations in sentence one in paragraph 90 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of the SAC and, on that basis, deny such allegations.

## VIII.  SPECIFIC INSTANCES OF FALSE CLAIMS ACT VIOLATIONS BY DARROUGH AND CORRALES AND/OR STERLING EVALUATION AND ASSESSMENT, LLC (COLLECTIVELY "STERLING" OR "CORRALES")

91.     As they relate to Peters/MNA, Defendants deny the allegations in sentence one in paragraph 91 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 of the SAC and, on that basis, deny such allegations.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the SAC and, on that basis, deny such allegations.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the SAC and, on that basis, deny such allegations.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the SAC and, on that basis, deny such allegations.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the SAC and, on that basis, deny such allegations.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the SAC and, on that basis, deny such allegations.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the date Defendant Darrough submitted her final Ph.D. dissertation proposal. Defendants admit Defendant Darrough passed final defense on August 9, 2021. Defendants admit the remaining allegations in paragraph 97 of the SAC.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the SAC and, on that basis, deny such allegations.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the SAC and, on that basis, deny such allegations.

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the SAC and, on that basis, deny such allegations.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the SAC and, on that basis, deny such allegations.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the SAC and, on that basis, deny such allegations.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the SAC and, on that basis, deny such allegations.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the SAC and, on that basis, deny such allegations.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the SAC and, on that basis, deny such allegations.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the SAC and, on that basis, deny such allegations.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the SAC and, on that basis, deny such allegations.

108. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the SAC and, on that basis, deny such allegations.

109. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the SAC and, on that basis, deny such allegations.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the SAC and, on that basis, deny such allegations.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the SAC and, on that basis, deny such allegations.

112. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the SAC and, on that basis, deny such allegations.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the SAC and, on that basis, deny such allegations.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the SAC and, on that basis, deny such allegations.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the SAC and, on that basis, deny such allegations.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the SAC and, on that basis, deny such allegations.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the SAC and, on that basis, deny such allegations.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the SAC and, on that basis, deny such allegations.

119.    As they relate to Peters/MNA, Defendants deny the allegations in sentence one in paragraph 119 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the SAC and, on that basis, deny such allegations.

## IX.    SPECIFIC INSTANCES OF FALSE CLAIMS ACT VIOLATIONS BY MICHELLE PETERS ("PETERS") AND MNA EVALUATION & ASSESSMENT, LLC ("MNA")

120.    Defendants admit Defendant Peters contracted with Plaintiff/Relator, but deny a contract in July 2019. Defendants deny the circumstances were similar to those alleged of Defendant Corrales. Defendants admit Defendant Peters served on Defendant

Darrough's dissertation committee. Defendants deny all other allegations in paragraph 120 of the SAC.

121.    Defendants admit Defendant Peters submitted a proposal to Plaintiff/Relator to provide strategic STEM coaching to teachers, parents and instructional coaches. Defendants admit Defendant Peters contracted with Plaintiff/Relator to provide such services in August 2021. As they relate to Peters/MNA, Defendants deny all other allegations in paragraph 121 of the SAC.

122.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 122 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122 of the SAC and, on that basis, deny such allegations.

123.    Defendants admit Defendant Peters contracted with Plaintiff/Relator. Defendants admit, at Plaintiff/Relator's multiple requests, Defendant Peters submitted claims for payment. Defendants affirmatively state Defendant Peters completed the claims for payment as Plaintiff/Relator directed her to do. Specifically, Defendant Peters told Plaintiff/Relator she generally did not submit claims for payment until after reports were delivered. As they relate to Peters/MNA, Defendants deny all other allegations.

124.    Allegations contained in paragraph 124 are statements of law and no response is required of Defendants.

125.    Defendant Peters contracted with Plaintiff/Relator to evaluate and assess the Fueling Brains educational program. Defendants deny the contract stated an "independent" or "unbiased" evaluation, and affirmatively state Plaintiff/Relator failed to provide the

necessary materials to allow performance under the contract. Defendants admit the allegations in paragraph 125 of the SAC.

126.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 126 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 of the SAC and, on that basis, deny such allegations.

127.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 127 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 of the SAC and, on that basis, deny such allegations.

128.    Defendants deny the allegations in paragraph 128 of the SAC.

129.    Defendants admit Plaintiff/Relator paid Defendant Peters $75,000.00 to evaluate and assess the Fueling Brains educational program. Defendants deny all other allegations in paragraph 129.

130.    Defendants deny the allegations in paragraph 130 of the SAC.

131.    Defendants deny the allegations in paragraph 131 of the SAC.

132.    Defendants admit the contract between Defendant and Plaintiff/Relator provides provisions relating to indemnity under certain circumstances. Defendants deny all other allegations in paragraph 132 of the SAC.

133.    Defendants admit Defendant Peters sent emails containing the quoted language. Defendants deny all other allegations in paragraph 133 of the SAC.

134.     As they relate to Peters/MNA, Defendants deny the allegations in paragraph 134 of the SAC.

135.     Defendants admit Plaintiff/Relator made a demand for money on Defendant Peters. Defendants affirmatively state Plaintiff/Relator paid Defendant Peters $75,000.00 to evaluate and assess the Fueling Brains educational program, and Plaintiff/Relator failed to provide Defendant Peters the necessary materials to perform under the contract. Defendants deny all other allegations in paragraph 135 of the SAC.

136.     Defendants deny the allegations in paragraph 136 of the SAC.

137.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the SAC and, on that basis, deny such allegations.

138.     Defendants deny the allegations in paragraph 138 of the SAC.

139.     Defendants admit Defendant Peters at one point used a Fueling Brains email address and signature block, and Defendant Peters was at times referred to as Fueling Brains Executive Director of Research and Development. Defendants affirmatively state, Defendant Peters emailed representatives of Plaintiff/Relator with the referenced email and signature block, so Plaintiff/Relator was aware of the relation. Defendants deny the remaining allegations in paragraph 139 of the SAC, and affirmatively state Defendant Peters was at no time employed by Fueling Brains.

140.     Defendants deny the allegations in paragraph 140 of the SAC.

141.     Defendants deny the allegations in paragraph 141 of the SAC.

## X.    MORE EVIDENCE OF DARROUGH'S COLLUSION

142.    As they relate to Peters/MNA, Defendants deny the allegations in paragraph 142 of the SAC.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the SAC and, on that basis, deny such allegations.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the SAC and, on that basis, deny such allegations.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the SAC and, on that basis, deny such allegations.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the SAC and, on that basis, deny such allegations.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the SAC and, on that basis, deny such allegations.

148.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the SAC and, on that basis, deny such allegations.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the SAC and, on that basis, deny such allegations.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the SAC and, on that basis, deny such allegations.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the SAC and, on that basis, deny such allegations. To the extent the allegations relate to Peters/MNA, Defendants deny the allegations in paragraph 151 of the SAC.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the SAC and, on that basis, deny such allegations. To the extent the allegations relate to Peters/MNA, Defendants deny the allegations in paragraph 152 of the SAC.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the SAC and, on that basis, deny such allegations.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the SAC and, on that basis, deny such allegations.

## XI. THE SCHEME TO DEFRAUD THE FEDERAL GOVERNMENT EXTENDS BEYOND THE AGENCY

155. Allegations contained in paragraph 155 are statements of law and no response is required of Defendants.

156. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the SAC and, on that basis, deny such allegations.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the SAC and, on that basis, deny such allegations.

158. As they related to Peters/MNA, Defendants deny the allegations in paragraph 158 of the SAC.

159. Defendants are without knowledge or information sufficient to form a belief as to the truth of the email referenced in paragraph 159 of the SAC and, on that basis, deny such allegations. Defendants affirmatively state Defendants did not participate in this grant. As they relate to Peters/MNA, Defendants deny the remaining allegations in paragraph 159 of the SAC.

160. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the SAC and, on that basis, deny such allegations.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the SAC and, on that basis, deny such allegations.

162.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the SAC and, on that basis, deny such allegations.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the SAC and, on that basis, deny such allegations.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the SAC and, on that basis, deny such allegations.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the SAC and, on that basis, deny such allegations.

166.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the SAC and, on that basis, deny such allegations.

167.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the SAC and, on that basis, deny such allegations. To the extent the allegations relate to Peters/MNA, Defendants deny the allegations in paragraph 167 of the SAC.

168.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the SAC and, on that basis, deny such allegations.

169.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the SAC and, on that basis, deny such allegations.

**FIRST CLAIM FOR RELIEF**
**(All Defendants)**
**Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(A))**
**The Submission of, or Causing the Submission of, False Claims**

170.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(A) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 170 of the SAC.

171.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(A) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 171 of the SAC.

172.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(A) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 172 of the SAC.

173.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(A) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 173 of the SAC.

174.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(A) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 174 of the SAC.

## SECOND CLAIM FOR RELIEF
### (All Defendants)
### Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(B))
### Use of False Statements

175.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 175 of the SAC.

176.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 176 of the SAC.

177.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 177 of the SAC.

178.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 178 of the SAC.

179.    This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 179 of the SAC.

180. This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(B) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 180 of the SAC.

### THIRD CLAIM FOR RELIEF
**(All Defendants)**
**Violation of the False Claims Act (31 U.S.C. § 3729(a)(l)(G)**
**Reverse False Claims**

181. This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(G) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 181 of the SAC.

182. This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(G) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 182 of the SAC.

183. This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(G) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 183 of the SAC.

184. This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(l)(G) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 184 of the SAC.

## FOURTH CLAIM FOR RELIEF
### (All Defendants)
### Violation of the False Claims Act (31 U.S.C. § 3729(a)(3))
### Conspiracy to Violate the FCA 31 U.S.C. § 3729(a)(l)(C)

185.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(3) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 185 of the SAC.

186.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(3) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 186 of the SAC.

187.     This Court dismissed Plaintiff/Relator's 31 U.S.C. § 3729(a)(3) claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 187 of the SAC.

## FIFTH CLAIM FOR RELIEF
### (Fueling Brains, Corrales, Peters)
### Unjust Enrichment

188.     Defendants deny the allegations contained in paragraph 188 of the SAC.

189.     Defendants deny the allegations contained in paragraph 189 of the SAC.

190.     Defendants deny the allegations contained in paragraph 190 of the SAC.

## SIXTH CLAIM FOR RELIEF
### (Fueling Brains, Corrales, Peters)
### Payment by Mistake

191.     Defendants deny the allegations contained in paragraph 191 of the SAC.

192.     Defendants deny the allegations contained in paragraph 192 of the SAC.

193.     Defendants deny the allegations contained in paragraph 193 of the SAC.

194.    Defendants deny the allegations contained in paragraph 194 of the SAC.

**SEVENTH CLAIM FOR RELIEF**
**(Fueling Brains, Corrales, and Peters)**
**Breach of Contract and Covenant of Good Faith and Fair Dealing**

195.    This Court dismissed Plaintiff/Relator's Breach of Covenant of Good Faith and Fair Dealing claim against Defendants on July 25, 2024 (Dkt. 55). Defendants deny the allegations contained in paragraph 195 of the SAC.

196.    This Court dismissed Plaintiff/Relator's Breach of Covenant of Good Faith and Fair Dealing claim against Defendants on July 25, 2024 (Dkt. 55). Defendants deny the allegations contained in paragraph 196 of the SAC.

**EIGHTH CAUSE OF ACTION**
**(All Defendants)**
**Fraud**

197.    This Court dismissed Plaintiff/Relator's Fraud claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 197 of the SAC.

198.    This Court dismissed Plaintiff/Relator's Fraud claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 198 of the SAC.

**NINTH CAUSE OF ACTION**
**(All Defendants)**
**Fraud by Nondisclosure**

199.    This Court dismissed Plaintiff/Relator's Fraud by Nondisclosure claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 199 of the SAC.

200.   This Court dismissed Plaintiff/Relator's Fraud by Nondisclosure claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 200 of the SAC.

## TENTH CAUSE OF ACTION
### (Fueling Brains, Corrales, Peters)
### (Violation of TTLA, Chapter 134 of the Texas Civil Practice and Remedies Code)

201.   This Court dismissed Plaintiff/Relator's Violation of TTLA, Chapter 134 claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 201 of the SAC.

202.   This Court dismissed Plaintiff/Relator's Violation of TTLA, Chapter 134 claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 202 of the SAC.

## ELEVENTH CAUSE OF ACTION
### (All Defendants)
### Civil Conspiracy

203.   This Court dismissed Plaintiff/Relator's Civil Conspiracy claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 203 of the SAC.

204.   This Court dismissed Plaintiff/Relator's Civil Conspiracy claim against Defendants on July 25, 2024 (Dkt. 55). To the extent a response is required, Defendants deny the allegations contained in paragraph 204 of the SAC.

## TWELFTH CAUSE OF ACTION
### (Fueling Brains, Corrales, and Peters)
### Money Had and Received

205.   Defendants deny the allegations contained in paragraph 205 of the SAC.

206. Defendants deny the allegations contained in paragraph 206 of the SAC.

207. Defendants deny the allegations contained in paragraph 207 of the SAC.

## XII.    REQUEST FOR RELIEF

As they relate to Peters/MNA, Defendants deny Plaintiff/Relator is entitled to any relief from Defendants and deny all the allegations contained in Plaintiff/Relator's Request for Relief.

## XIII.  JURY DEMAND

Defendants are not required to respond to the allegations in Plaintiff/Relator's Jury Demand of the SAC.

## B.  **AFFIRMATIVE DEFENSES**

208. Subject to and without waiving any defense, Defendants deny all allegations of fact contained in the SAC, except those expressly admitted.

209. Defendant MNA is not liable in the capacity for which it is sued. Specifically, MNA Evaluation and Assessment, LLC's existence forfeited on February 28, 2020, before any of the events alleged against Defendant MNA in question. Plaintiff/Relator's claims against Defendant MNA are barred.

210. **Failure of Consideration**. Plaintiff/Relator's claims are barred in whole or in part by a failure of consideration. Specifically, Plaintiff/Relator failed to provide Defendant Peters the necessary materials to perform under the contract.

211. **Waiver**. Plaintiff/Relator's claims are barred in whole or in part by the doctrine of waiver.

212.    **Statute of Limitations**. Plaintiff/Relator's claims are barred in whole or in part by the applicable statute of limitations.

213.    **Public Disclosure Bar**. Plaintiff/Relator's claims are barred in whole or in part by the Public Disclosure Bar. Specifically, Defendant Peters acquaintance with Defendant Darrough was part of the public domain and known to Plaintiff/Relator.

214.    **Ratification**. Plaintiff/Relator's claims are barred in whole or in part by ratification.

215.    **Third Parties and Proportionate Responsibility**. Plaintiff/Relator's claims are barred in whole or in part as any damages sustained were caused, if at all, by its own failure, neglect or wrongful conduct, or that of a third party outside the control of Defendants.

216.    **Failure to Mitigate**. Plaintiff/Relator's damages are barred in whole or in part by Plaintiff/Relator's failure to mitigate.

## C. <u>DEFENDANTS' PRAYER</u>

Defendants pray that Plaintiff/Relator take nothing from this suit and that the Court enter judgment against Plaintiff/Relator dismissing all Plaintiff/Relator's claims with prejudice, and for such further relief, including attorney's fees, at law and at equity to which they may show themselves entitled.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By: */s/ Andrew J. Mytelka*

> **Andrew J. Mytelka**
> Attorney-in-Charge
> State Bar No. 14767700
> Fed. ID No. 11084
> amytelka@greerherz.com
> **Jordan Raschke Elton**
> State Bar No. 24108764
> Fed. ID No. 3712672
> jraschke@greerherz.com
> One Moody Plaza, 18th Floor
> Galveston, Texas 77550
> (409) 797-3200 (Telephone)
> (866) 422-4270 (Facsimile)
>
> **COUNSEL FOR DEFENDANTS MICHELLE PETERS, AND MNA EVALUATION & ASSESSMENT, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of August, 2024, a copy of this document was served on all counsel of record via the court's ECF system.

*/s/ Andrew J. Mytelka*