IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* § <br> BakerRipley § <br> 4450 Harrisburg, Suite 200 § <br> Houston, TX 77011 § <br> § <br> & BakerRipley, § <br> § <br> *Plaintiffs,* § <br> § <br> § <br> § <br> v. § <br> § <br> § <br> § <br> Kids U US, Inc. d/b/a Fueling Brains, § <br> Cimberli Johnson Darrough, an individual, § <br> Antonio Corrales, an individual, § <br> Sterling Evaluation and Assessment, LLC, § <br> Michele Peters, an individual, and § <br> MNA Evaluation and Assessment, LLC, § <br> § <br> § <br> *Defendants.* § | | Case No.23-cv-1124 <br><br><br><br><br> JURY DEMANDED |

### PLAINTIFF'S REPLY TO DEFENDANT KIDS U US, INC. D/B/A/ FUELING BRAINS' COUNTERCLAIMS

COMES NOW, Plaintiff, UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, by its undersigned counsel, and files its reply to Defendant KIDS U US d/b/a FUELING BRAINS' Counterclaims. In support thereof, Plaintiff would respectfully show the Court as follows:

### RESPONSES TO DEFENDANT'S ALLEGATIONS

1.    UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits in part that FUELING BRAINS provides early childhood development and supporting services and denies in part that FUELING BRAINS implements a research-led

1

approach to help educators and assessing child's individual needs and stated in paragraph 1.

2. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits the knowledge or information to form a belief about the truth of paragraph 2.

3. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information to form a belief about the truth of paragraph 3.

4. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge or information to form a belief about the truth of paragraph 4.

5. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 5.

6. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 6.

7. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge or information to form a belief about the truth of paragraph 7 and further states that on March 24, 2021, Fueling Brains submitted an additional invoice for $250,000 for the same professional development services it had already agreed to—but failed—to provide.

8. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits the knowledge or information to form a belief about the truth of paragraph 8.

9. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge or information to form a belief about the truth of paragraph 9.

10. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits in part that UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY collaborated with FUELING BRAINS to shift from the initially planned small group zoom sessions to self-paced asynchronous training modules. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies in part of the date this request was formally made to BAKER RIPLEY as alleged in paragraph 10.

11. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies knowledge or information to form a belief about the truth of paragraph 11.

12. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 12.

13. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 13.

14. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 14.

15. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies knowledge or information to form a belief about the truth of paragraph 15.

16. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge or information to form a belief about the truth of paragraph 16.

17. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 17.

18. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits that Fueling Brains notified them about the delay of the material kits. BAKER RIPLEY eventually received the material kits throughout the fall of 2021; however, it was too late for the Agency to actually implement the resources for 2021–22 as stated in paragraph 18.

19. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies that all material kits were not delivered by the end of October 2021 as stated in paragraph 19.

20. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information to form a belief about the truth of paragraph 20.

21. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge to form a belief about the truth of paragraph 21.

22. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the knowledge to form a belief about the truth of paragraph 22.

23. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated in paragraph 23.

24. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated in paragraph 24.

25. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated paragraph 25.

26. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated paragraph 26.

27. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated paragraph 27.

28. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated paragraph 28.

29. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies to the truth of paragraph 29.

30. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits the information stated paragraph 30.

31. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information stated paragraph 31.

32. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, admits that the material kits were delivered late and were not returned to FUELING BRAINS as stated in paragraph 32.

33. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the statements in paragraph 33.

34. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the statements in paragraph 34.

35. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies to the truth of paragraph 35.

36. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 36.

37. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the statements in paragraph 37.

38. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information to form a belief about the truth of paragraph 38.

39. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, lacks sufficient knowledge or information to form a belief about the truth of paragraph 39.

40. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information to form a belief about the truth of paragraph 40.

41. UNITED STATES OF AMERICA, ex rel. BAKER RIPLEY, denies the information to form a belief about the truth of paragraph 41.

## **AFFIRMATIVE DEFENSES**

42. As to affirmative defenses to the Defendant's Counterclaim, Plaintiff does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Defendant has the burden of proof or persuasion, under its asserted counterclaim to Plaintiff's Complaint. The following affirmative defenses are based on Plaintiff's knowledge, information, and belief at this time, and Plaintiff specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Reply. Plaintiff reserves the right to assert other defenses as information is gathered through discovery and investigation.

43. Defendant's Counterclaim fails to state a claim upon which relief can be granted and fails to plead its allegations with particularity.

44. Defendant's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

45. Plaintiff is not legally responsible for acts or omissions allegedly undertaken by employees, subcontractors, and agents, and others to the extent that those acts or omissions were undertaken outside the scope of employment or authority, as criminal acts, in violation of legal obligations arising from applicable contracts, in secret, and/or without the knowledge of persons have legally sufficient levels of responsibility or authority within Plaintiff's organization.

46. Defendant's common law counterclaim is barred, in whole or in part, because Defendant has suffered no damages. Alternatively, Defendant has failed to mitigate its damages, if any.

47. Defendant's common law counterclaim is barred, in whole or in part, because Defendant's alleged damages were not proximately caused by any act or omission of Plaintiff.

48. Defendant's counterclaim for breach of contract is barred due to fraud, as Plaintiff relied upon, in good faith, Defendant's assertions when entering into a contractual agreement with Defendant, which have been shown to be fraudulent representations.

49. Defendant's counterclaims for damages or other monetary recovery must be offset and reduced by the value received and by the value of any recovery received from other parties to this action or third parties.

50. Defendant's common law counterclaim is barred, in whole or in part, by laches, waiver, estoppel, and/or unclean hands.

51. Defendant's counterclaims seeking equitable relief are barred because Defendant has an adequate remedy at law.

52. Defendant's counterclaims are barred to the extent that they have been tainted by attorney-client privilege or confidential information.

53. Plaintiff hereby gives notice that it may rely upon other applicable affirmative defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Reply to assert any such defenses.

## CONDITIONS PRECEDENT

Defendant has not performed all conditions precedent that it was required to perform before filing its counterclaim to this suit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, having fully replied to Defendant through the above assertions to Defendant's Counterclaims, prays for judgment against Defendants with the following particular relief:

(a) That Defendant, KIDS U US, INC. D/B/A/ FUELING BRAINS, Counterclaim be dismissed with prejudice;
(b) That Plaintiff be provided a jury trial on its live Complaint against all Defendants;
(c) That Plaintiff be awarded actual, compensatory, and consequential damages arising from its live Complaint against all Defendants;
(d) That Plaintiff be awarded its attorneys' fees and costs;
(e) That Plaintiff be awarded prejudgment and post-judgment interest; and
(f) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: September 30, 2024

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
845 Proton Road
San Antonio, Texas 78258
Telephone:     210-538-5385
Facsimile:       210-538-5384

**Joseph E. Hoffer**
**Attorney-in-Charge**
State Bar No. 24049462
Federal ID No. 2006011
Email: jhoffer@slh-law.com
**Elizabeth Angelone**
State Bar No. 24077349
Federal ID No. 3042089
Email: eangelone@slh-law.com

**MARTINEZ REILLY, PLLC**
**Marion M. Reilly**
State Bar No. 24079195
Federal ID. 1357491
Email: Marion@mrtrial.com
**John B. Martinez**
State Bar No. 24010212
Federal ID. No. 23612
Email: John@mrtrial.com
3636 S. Alameda, Ste. B119
Corpus Christi, Texas 78412
Dir: (361) 273-6771
Fax: (361) 704-8355
\*\*Service Email address
Service@mrtrial.com
**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Federal Rules of Civil Procedure on this 30th day of September 2024 via the CM/ECF system or via email.

| | |
|---|---|
| Dinesh H. Singhal<br>**THE SINGHAL LAW FIRM**<br>2700 Post Oak Blvd., Suite 1750<br>Houston, Texas 77056<br>Tel: 713.222.8500<br>dinesh@singhallaw.com<br>**ATTORNEY FOR CIMBERLI DARROUGH** | P: 214-721-8117<br>Amanda.gadison@bclplaw.com<br>**ATTORNEYS FOR KIDS U US, INC.**<br>**D/B/A FUELING BRAINS** |
| Jordan Raschke Elton<br>Andrew Mytelka<br>**GREER, HERZ & ADAMS, L.L.P.**<br>One Moody Plaza, 18th Floor<br>Galveston, Texas 77550<br>P: (409) 797-3239<br>jraschkeelton@greerherz.com<br>**ATTORNEYS FOR MICHELLE PETERS AND MNA EVALUATIONS AND ASSESSMENTS, LLC** | Fred D. Raschke<br>**MILLS SHIRLEY L.L.P.**<br>2200 Market Street Ste 300<br>Galveston, TX. 77550<br>P: 409-761-4028 (direct line)<br>fraschke@millsshirley.com<br>**ATTORNEY FOR ANTONIO CORRALES AND STERLING EVALUATIONS AND ASSESSMENT, LLC** |
| Amanda Gadison<br>Randal H. Miller<br>**BRYAN CAVE LEIGHTON PAISNER**<br>2200 Ross Ave., Suite 4200 W<br>Dallas, Texas 75201 | |