IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BakerRipley 4450 Harrisburg, Suite 200 Houston, TX 77011 & BakerRipley, *Plaintiffs,* v. Kids U US, Inc. d/b/a Fueling Brains, Cimberli Johnson Darrough, an individual, Antonio Corrales, an individual, Sterling Evaluation and Assessment, LLC, Michele Peters, an individual, and MNA Evaluation and Assessment, LLC, *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | Case No. 23-cv-1124 JURY DEMANDED |

## RELATOR'S & PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO ATTORNEYS FOR PLAINTIFF (SCHULMAN, LOPEZ, HOFFER & ADELSTEIN)

TO THE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 45(d)(3), Baker Ripley, Plaintiff and Movant here, files and urges this Motion to Quash Subpoena issued to its Counsel of Record, Schulman, Lopez, Hoffer & Adelstein, and for cause shows the Court as follows:

## BACKGROUND FACTS

1. This is a claim brought under the False Claims Act (FCA) on behalf of Relator, the United States of America. Plaintiff BakerRipley, on its own behalf, brings additional related claims including statutory, common law, and equitable claims against the Defendants collectively and individually. Dkt. 68 at ¶ 3. Defendants are providers and vendors of educational services and products. BakerRipley is a nonprofit that operate Head Start and Early Head Start programs in the Houston, Texas area. The instant case involves Plaintiff's claim that Defendants violated the federal False Claims Act in the course of providing services to it. See Dkt. 22 (Second Amended Complaint).

2. The only facts presented to the Court, *via* the Rule 26 filing are the following:

- In June 2021, Fueling Brains representative met via Zoom with attorneys from the Schulman, Lopez law firm to discuss the law firm "potential" representation of Fueling Brains;

- The Schulman, Lopez firm stated that it did have a "singular introductory zoom meeting" in June 2021 and that the "discussions were general in nature relating to the type of legal services the law firm might to be to provide to charger schools. . . and its expertise in certain areas of school law";

- The Schulman, Lopez firm stated that it provided to Fueling Brains the law firm's marketing brochure and a proposed engagement letter with retainer requirements;

- After this single meeting, the Schulman, Lopez firm never heard from the representatives of Fueling Brains again;

- The Schulman, Lopez firm also stated that Fueling Brains did not discuss confidential information with the attorneys and that Fueling Brains did not provide any information concerning litigation in general.

Dkt. 68 at ¶ 10(f).

3. Fueling Brains did not present to the Court in the Rule 26 report, or in any other filing, any facts demonstrating that it retained the Schulman, Lopez lawyers or that it provided the law firm with any confidential information while seeking, in good faith, to obtain legal

representation. There is no evidence that the subject of Fueling Brains' previous contact with the law firm involved the discussion of issues substantially similar to the issues in the instant case. That is, Fueling Brains has provided the Court with no evidence that: a) it was a former client of the Schulman, Lopez law firm; or b) while not a client of the law firm, it was one that in good faith sought to retain the law firm; or c) that the issues involved in the matter for which it consulted the law firm in June 2021 is substantially similar to the instant case. Fueling Brains has not filed a Motion to Disqualify Schulman, Lopez.

4. At best, the closest Fueling Brains comes to alleging anything supporting the issuance of its subpoena is as follows: "Fueling Brains believes that legitimate questions exist whether the Law Firm improperly used confidential information to bring BakerRipley's claims against Fueling Brains and whether the Law Firm has an impermissible conflict of interest that would disqualify it from representing BakerRipley." Dkt. 68 at ¶ 10(f). No evidence or other support was offered in this regard at the Scheduling Conference that took place on February 7, 2025.

5. Because of the disqualification issue raised, the Schulman, Lopez law firm sought and obtained leave for counsel to represent it in matters limited to that issue. Dkt. 73.

6. In an effort to avoid unnecessary discovery and disqualification issues, attorneys for Schulman, Lopez wrote to counsel for Fueling Brains, responding to the topics proposed for a subpoena to the law firm. Attached here as **Exhibit 1** is a copy of the subpoena that was issued to the law firm (service accepted by the law firm's counsel). Attached here as **Exhibit 2** is a copy of the letter providing counsel with detailed responses regarding the topics contained in the subpoena and the documents in the law firm's possession.

7. The following is from the letter to counsel for Fueling Brains:

| After consulting with my client, I can state the following: | |
|---|---|
| **DOCUMENTS REQUESTED** | **RESPONSE** |
| 1. All documents related to communications with Fueling Brains, including any internal communications discussing the Firm's representation or potential representation of Fueling Brains. | The law firm has the following documents that were sent to your client:<br><br>• The proposed engagment letter;<br>• The firm's brochure;<br>• Emails transmitting the engagment letter and the brochure; |

(continued next page)

| | |
|---|---|
| | • Limited emails between staff and attorneys re the terms of the proposed engagment with your client; |
| 2. All notes, calendar entries, files, or other documents related to the Firm's meeting with Fueling Brains in or around June 2021 | The law firm has:<br><br>• Administrative time entries for Denise Pierce for June 14, 2021 (one hour relating to Zoom meeting with your client) and June 15, 2021 (one-half hour relating to follow-up correspondence with your client).<br><br>• Hoffer's calendar entry and invitation for June 14, 2021 meeting but does not have any administrative time recorded. |
| 3. All engagement letters between the Firm and BakerRipley. | This is protected by the attorney-client privilege and will not be produced. |
| 4. All documents reflecting or relating to the Firm's use of information obtained from Fueling Brains for purposes of This Lawsuit. | The law firm did not obtain any information in the communication with your client (June 14, 2021) and therefore has not "use[d] . . . information obtained from Fueling Brains for the purposes of this lawsuit."<br><br>In this connection, I did mention that I believed the law firm had obtained from your client You Tube videos of Fueling Brains. I was mistaken. The law firm does not have copies of You Tube videos. Rather, Denise Pierce and/or Joe Hoffer reviewed from the You Tube videos publicly posted on the internet by Fueling Brains concerning its use of certain "left brain / right brain" learning before meeting with your client as background information in preparation for the June 14, 2021 introductory meeting. They did not keep copies of the videos they viewed, however they are still on You Tube for the public to view and watch. |

8.  Following this letter (**Exhibit 2**), counsel for the law firm received the following response issuing a formal subpoena:[1]

---

[1] See **Exhibit 3**, Letter from Megan Pieper, Counsel Fueling Brains.

{01016023}  5

> Mr. Valdez:
>
> Thank you for your letter dated February 14, 2025, and the information you provided about your client's documents. As you discussed today with Christian, we are attaching the revised subpoena, served today and with a response date of March 7, 2025. We appreciate your accepting service on behalf of Schulman, Lopez, Hoffer & Adelstein. As for any documents that you claim privilege over, please provide a privilege log consistent with the Federal Rules of Civil Procedure.
>
> As discussed, we will accept service of a subpoena to Fueling Brains seeking the same information in the event you choose to serve one.
>
> Thank you,
> Megan
>
> ---
>
> Megan Pieper
> Senior Associate | Bio
>
> **Arnold & Porter**
> 601 Massachusetts Ave., NW
> Washington, DC 20001-3743
> T: +1 202.942.5945
> Megan.Pieper@arnoldporter.com
> www.arnoldporter.com | LinkedIn

A complete copy of this letter is attached here as **Exhibit 3**. We note that the subpoena no longer requests the production of the law firm's document retention policy.

## REASON FOR MOTION TO QUASH

9.  Rule 45(d)(3) allows one subject to a subpoena to move to quash it when that subpoena requires disclosure of privileged information or subjects the responder to undue burden. Because the topics listed in the subpoena call for the disclosure of documents protected by the attorney-client privilege ("All engagement letters between the Firm and BakerRipley) and requires the time and effort to respond to a subpoena before Defendants have produced any evidence substantiating a claim for disqualification of counsel (the remaining topics), Schulman Lopez moves to quash the subpoena issued to it with requiring a response by March 7, 2025.

## ARGUMENT AND AUTHORITIES

10. Rule 45(d)(3) allows one subject to a subpoena to move the court to quash that subpoena if it calls for the production of privileged information or responding to the subpoena will cause undue burden to the responder. *See* FED. R. CIV. P. 45(d)(3). The Fifth Circuit has made it clear that "depriving a party of he right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *See In re ProEducation International, Inc.*, 587 F.3d 196, 299-300 (5th Cir. 2009). In the instant case, Defendants have offered no evidence that Fueling Brains was a former client of the law firm. Instead, its focus appears to be that it was a *prospective* client of the law firm and it shared confidential information concerning issues substantially similar to the case at bar. Once again, Fueling Brains offers no evidence of this but only "believes that legitimate questions exist whether the Law Firm improperly used confidential information." See Dkt. 68 at ¶ 10(f).

11. The evidence does not establish that Fueling Brains ever became a client of the law firm. See Dkt. 68 at ¶ 10(f). The issue is whether Fueling Brains, a prospective client, has presented this Court with sufficient evidence to support discovery from the law firm with which it had preliminary discussions. While the Fifth Circuit has addressed situations in which former *clients* seek to disqualify their former lawyers due to a conflict of interest,[2] one court has noted that "disqualification brought by a former *prospective* client has not squarely been addressed by the Fifth Circuit." *In re MMA Law Firm, PLLC*, 660 B.R. 128 (S.D. Tex.—Houston Division 2024)(emphasis supplied). The court in *MMA Law Firm*, noted that the Texas Rules of

---

[2] *See In re Yarn Processing Pat. Validity Lit.*, 530 F.2d 83, 89 (5th Cir. 1976)(in cases involving former clients, movant must show that the matters embraced within the pending suit are substantially related to the matters or cause of action in which the attorney previously represented the former client); *see also, In re American Airlines*, 972 F.2d 605, 615 (5th Cir. 2009) Noting the two methods to disqualify an attorney of a former client: "(1) if the subject matter of the present and former representation are substantially related, or (2) if [movant's] former attorney possessed relevant confidential information in the manner contemplated by [Texas Disciplinary Rule 1.09(a)(2)]."

Professional Conduct did not impose a duty on the law firm to protect client confidences; rather, the court relied upon the Model Rules of Professional Conduct Rule 1.18 to based its holdings concerning the standards against which lawyers are measured when dealing with situations in which prospective clients seek to disqualify counsel. *See id.* at 134-35.[3]

12. Model Rule 1.18 provides the following:

> a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).
>
> (d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
>
> (1) both the affected client and the prospective client have given informed consent, confirmed in writing, or:
>
> (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

---

[3] The court noted that the disciplinary rules, in effect at the time considered for the MMA case, contained no such duty. It also noted that the recent amendment to the Texas Rules of Professional Conduct (effective October 2024), does now contain Rule 1.18 "that would in fact impose a duty to prospective clients that is similar to, but not identical to Model Rule 1.18." *See In re MMA Law Firm, PLLC*, 660 B.R. at 135. The conduct in issue in the instant case would have occurred in June 2021, before the October 2024 amendments to the Texas Rules of Professional Conduct that added Rule 1.18.

> (i) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>
> (ii) written notice is promptly given to the prospective client.

*In re MMA L. Firm, PLLC*, 660 B.R. 128, 135–36 (S.D. Tex.—Houston Division 2024), citing, Model Rule 1.18.

13. The standard against which Schulman, Lopez is measured, then, appears in Model Rule 1.18 (b) and (c); that is, Fueling Brains must establish that it provided the law firm with confidential information that was materially adverse to it in the instant case (i.e., "a substantially related matter") that could be significantly harmful to Fueling Brains in the instant case. There has been so such showing, even on a preliminary basis, against the Schulman, Lopez law firm. Rather, it appears that Fueling Brains is engaging is a distracting, expensive fishing expedition in the hope of gaining some evidence with which to support its feeling that "legitimate questions exist whether the Law Firm improperly used confidential information." To this end, Fueling Brains has not filed a Motion to Disqualify that would require it to make such a showing with supporting evidence. Further, counsel for Fueling Brains, when presented the opportunity to share with counsel for Schulman, Lopez even a listing of documents that might support its "legitimate questions," declined to do so.[4]

14. Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Schulman, Lopez objects to the topics listed in the subpoena duces tecum as follows:

---

[4] See **Exhibit 2** ("You [counsel for Fueling Brains / Kids U US] are correct, I [counsel for Schulman, Lopez law firm] was under the impression that my client (the law firm) and your client (Kids U US) were going to exchange declarations concerning the document each party may have concerning the document each party may have concerning their contact in June 2021.")

{01016023}   9

| DOCUMENTS REQUESTED | RESPONSE / OBJECTION |
|---|---|
| 1. All documents related to communications with Fueling Brains, including any internal communications discussing the Firm's representation or potential representation of Fueling Brains. | 1. Objection: Overbroad, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Defendant has not made a preliminary showing or adduced any evidence establishing it was a prospective client that:<br><br>a) shared confidential information with Schulman Lopez;<br>b) that the matter for which Fueling Brains consulted Schulman, Lopez is substantially related to the instant case; and<br>c) that the use of such confidential information could be significantly harmful to Fueling Brains in the instant case.<br><br>*In re MMA L. Firm, PLLC*, 660 B.R. 128, 134-135 (S.D. Tex.—Houston Division 2024), citing, Model Rule 1.18. |
| 2. All notes, calendar entries, files, or other documents related to the Firm's meeting with Fueling Brains in or around June 2021. | 2. Overbroad, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Defendant has not made a preliminary showing or adduced any evidence establishing it was a prospective client that:<br><br>a) shared confidential information with Schulman Lopez;<br>b) that the matter for which Fueling Brains consulted Schulman, Lopez is substantially related to the instant case; and<br>c) that the use of such confidential information could be significantly harmful to Fueling Brains in the instant case.<br><br>*In re MMA L. Firm, PLLC*, 660 B.R. 128, 134-135 (S.D. Tex.—Houston Division 2024), citing, Model Rule 1.18. |

| | |
|---|---|
| 3. All engagement letters between the Firm and BakerRipley. | Objection: Attorney-Client privilege. (Contract exists and is withheld due to privilege). |
| 4. All documents reflecting or relating to the Firm's use of information obtained from Fueling Brains for purposes of This Lawsuit. | 4. Overbroad, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Defendant has not made a preliminary showing or adduced any evidence establishing it was a prospective client that:<br><br>a) shared confidential information with Schulman Lopez;<br>b) that the matter for which Fueling Brains consulted Schulman, Lopez is substantially related to the instant case; and<br>c) that the use of such confidential information could be significantly harmful to Fueling Brains in the instant case.<br><br>*In re MMA L. Firm, PLLC*, 660 B.R. 128, 134-135 (S.D. Tex.—Houston Division 2024), citing, Model Rule 1.18. |

## CERTIFICATE OF CONFERENCE

15. Robert E. Valdez discussed the substance of this Motion to Quash personally with Mr. Christian Sheehan and had correspondence concerning the issues presented here. Unfortunately, the parties could not reach an agreement and the matter therefore is presented to the Court for determination.

## CONCLUSION

16. Wherefore, Movant Schulman, Lopez, Hoffer & Adelstein, Counsel for Plaintiffs move the Court to Quash the subpoena issued to it in all things.

Respectfully submitted,

*[signature]*

**Robert E. Valdez**
Bar Number: 20428100
SDTX Federal Number: Fed No. 9816
revaldez@valdeztrevino.com

**Joseph E. Cuellar**
Bar Number: 24082879
SDTX Federal Number: Fed No. 3020170
jcuellar@valdeztrevino.com

**VALDEZ & TREVIÑO
ATTORNEYS AT LAW, P.C.**
8023 Vantage Dr. Suite 700
San Antonio, Texas 78230
**COUNSEL FOR MOVANTS**

**Joe Hoffer**
Attorney-in-Charge
State Bar No. 24049462
Federal ID No. 2006011
Email: jhoffer@slh-law.com

**Elizabeth Angelone**
State Bar No. 24077349
Federal ID No. 3042089
Email: eangelone@slh-law.com

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**

845 Proton Road
San Antonio, Texas 78258
Phone: 210-538-5385
Facsimile: 210-538-5384
**COUNSEL FOR RELATORS / PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 4th Day of March 2025 via the CM/ECF system.

_____
Robert E. Valdez