IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*ex rel.* §<br>BakerRipley §<br>4450 Harrisburg, Suite 200 §<br>Houston, TX 77011 §<br>§<br>& BakerRipley, §<br>          *Plaintiffs,* §<br>§<br>§<br>v. §<br>§<br>Kids U US, Inc. d/b/a Fueling Brains, §<br>Cimberli Johnson Darrough, an §<br>individual, Antonio Corrales, an §<br>individual, Sterling Evaluation and §<br>Assessment, LLC, Michele Peters, an §<br>individual, and MNA Evaluation and §<br>Assessment, LLC, §<br>§<br>          *Defendants.* § | Case No. 23-cv-1124 |

**RELATOR & PLAINTIFF'S RESPONSE IN OPPOSITION TO KIDS U US, INC. d/b/a FUELING BRAINS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF FUELING BRAINS' OPPOSITION TO RELATOR & PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO ATTORNEYS FOR PLAINTIFF**

TO THE UNITED STATES DISTRICT JUDGE:

    BakerRipley, Plaintiff and Movant here, files and urges this Response in Opposition to Kids U Us, Inc. d/b/a Fueling Brains' Motion for Leave to File Under Seal, and for cause shows the Court as follows:

## INTRODUCTION

1. Defendant Fueling Brains has previously issued a subpoena to BakerRipley's counsel ("Schulman, Lopez, Hoffer & Adelstein, LLP" or "the Firm") for production of privileged documents. BakerRipley and the Firm timely filed a Motion to Quash the subpoena issued to Plaintiff's counsel.

2. In response, Fueling Brains filed its (1) Opposition to Relator's and Plaintiff's Motion to Quash Subpoena Issued to Attorneys for Plaintiff and (2) Motion for Leave to File Under Seal at issue in this Response. Defendant sought leave to file under seal unredacted copies of its opposition and an affidavit supporting the opposition. The affidavit contained sworn statements from Faisal Alimohd, Defendant's Co-Founder and CFO. The redacted parts of Alimohd's declaration merely describe the contents of a conference Alimohd attended with two of the Firm's attorneys, and describes, in vague and general terms, information that Defendant claims is confidential about its business and business strategy.

3. Because Fueling Brains has offered no reasoning or legal authority supporting its Motion for Leave requesting to seal portions of the public record, its conclusory motion fails to meet the high burden required set forth by the Fifth Circuit to seal a judicial record and the motion for leave should be denied.

## ARGUMENT AND AUTHORITIES

4. The common-law right of public access to judicial records "is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its

fairness." *June Medical Servs., L.L.C. v. Phillips*, 22 F.4th at 519 (5th Cir. 2022).

5.  Judicial records are documents that are intended to influence the court and which the court makes decisions about. *In re Leopold*, 964 F.3d at 1128; *League of Women Voters of U.S. v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) (construing prior precedent to stand for proposition that "every part of every brief filed to influence a judicial decision qualifies as a 'judicial record'"). "Judicial records belong to the American people; they are public, not private, documents." *June Medical Servs., L.L.C. v. Philips*, 22 F.4th 512, 519 (5th Cir. 2022).

6.  The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record," *Id.* at 519–20, and when the information is offered for adjudicative purposes, the standard is "arduous." *Id.* at 521. Courts should undertake a "case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks omitted). Any sealing must be congruent to the need. *June Medical*, 22 F.4th at 521.

7.  While the Court has discretion to seal judicial records, it "must balance the public's common law right of access against the interests favoring nondisclosure" and do so with great caution. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In assessing this balancing test, the Court should take into account the "'presumption in favor of the public's common law right of access to court records,' which applies so long as a document is a judicial record." *United States v. Sealed Search Warrants*, 868 F.3d 385, 393 (5th Cir. 2017) (citing *Van Waeyenberghe*, 990 F.2d at 849).

8.  Fueling Brains' Opposition to Relator & Plaintiff's Motion to Quash Subpoena and attached exhibits is plainly a judicial record. Fueling Brains' CFO, Faisal Alimohd, executed a

declaration which is attached to both the Motion for Leave to File Under Seal and their Opposition to Relator & Plaintiff's Motion to Quash Subpoena which is intended to provide adjudicatory facts, yet is very general in nature. The information Fueling Brains seeks to introduce in their exhibits, and other information sought with the subpoena at issue, was alleged to support discovery into the Firm's files because there was a prima facie case for disqualification. Specifically, Fueling Brains sought to use the exhibits to persuade the Court to require disclosure of privileged documents from Plaintiff and Defendant will likely attempt to use it persuade the Court to rule in its favor on the disqualification matter in the future. It cannot be seriously disputed that the Fueling Brains Opposition and Declaration are public records. *See In re Leopold*, 964 F.3d at 136 (holding materials submitted to court in support of warrant under the Stored Communications Act were public records).

9. Turning to the merits of sealing, the common law presumption favors denying leave to file the Opposition and Declaration under seal. This case involves the alleged misuse of federal funds for children's educational services, and the education of the children of the State of Texas should be considered of great public interest. *See June Medical*, 22 F.4th at 520 ("The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."). Further, Fueling Brains offered no argument as to why the very general information described by Alimohd meets the "arduous" test for sealing.

10. Sealing should be further disfavored in light of the serious nature of seeking attorney disqualification and interference with Plaintiff's right to representation by counsel of its choosing. The public must have confidence that such extraordinary intrusions on the public's right to access are in keeping with the integrity of the judicial system. *See Van Waeyenberghe*, 990 F.2d at 849-850. Without access to the underlying evidence, the public will be justly suspicious of any

relief sought by Defendant with respect to disqualification. *See June Medical*, 22 F.4th at 519 (holding the right of public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness").

<u>**CONCLUSION & PRAYER**</u>

11. "Legal arguments, and the documents underlying them, belong in the public domain." *Binh Hoa*, 990 F.3d at 421. Defendant has not offered **any** reason to deviate from this principle, and thus Plaintiff BakerRipley prays that this Court deny Defendant leave to file its Opposition to Relator's and Plaintiff's Motion to Quash Subpoena and its exhibits, even partially, under seal. Plaintiff prays for all other relief at law and in equity to which it may be entitled.

                Respectfully submitted,

                \_\_\_/s/ Robert E. Valdez\_\_\_\_\_
                **Robert E. Valdez**
                Bar Number: 20428100
                SDTX Federal Number: Fed No. 9816
                revaldez@valdeztrevino.com

                **Joseph E. Cuellar**
                Bar Number: 24082879
                SDTX Federal Number: Fed No. 3020170
                jcuellar@valdeztrevino.com

                **VALDEZ & TREVIÑO**
                **ATTORNEYS AT LAW, P.C.**
                8023 Vantage Dr. Suite 700
                San Antonio, Texas 78230
                **COUNSEL FOR MOVANTS**

                **Joe Hoffer**
                Attorney-in-Charge
                State Bar No. 24049462
                Federal ID No. 2006011
                Email: jhoffer@slh-law.com

**Elizabeth Angelone**
State Bar No. 24077349
Federal ID No. 3042089
Email: eangelone@slh-law.com

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**

845 Proton Road
San Antonio, Texas 78258
Phone:  210-538-5385
Facsimile:  210-538-5384
**COUNSEL FOR RELATORS / PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 4th day of April 2025 via the CM/ECF system.

                                                /s Robert E. Valdez
                                                Robert E. Valdez